PENINSULAR TELEPHONE COMPANY v. EVELYN BIELLING
MARKS, *et vir*

198 So. 330
Division B
Opinion Filed November 1, 1940
Rehearing Denied November 12, 1940

*McKay, Macfarlane, Jackson & Ferguson,* for Plaintiff in Error;

*W. Wallace Shafer,* for Defendant in Error.

CHAPMAN, J.—This case is here for review on writ of

error to a final judgment for the plaintiff below, defendant in error here, entered by the Circuit Court of Polk County, Florida. Plaintiff's cause of action was bottomed on the alleged negligence of the defendant below in erecting and maintaining a certain telephone pole at a point so near a frequently traveled paved street, then used as a part of a highway, in the City of Haines City that the defendant should have reasonably anticipated that the pole so erected and maintained would render the street at said point dangerous and unsafe for the traveling public.

The case was submitted to a jury on the third count of plaintiff's declaration and material allegations of negligence thereof are, viz.:

That the defendant maintained a telephone pole on the westerly side of Tenth Street, a public street in Haines City, Florida, and at a point where said Tenth Street extending in a southerly direction curves left in a southerly direction to circle the shores of Lake Eva in Haines City, Florida, * * * immediately adjacent to the westerly extremity of the paved surface of Tenth Street, approximately thirty inches from the curb line thereof, and at a point near the beginning of the curve of the said street above described. That said curve and said pole are obscured from view of persons operating motor vehicles along said road by a slight incline or hill, and that reasonably prudent persons are deceived and misled thereby because of their inability to apprehend the presence of the curve and the location of the pole in time to avoid collision with the same. That it became and was the duty of the defendant to remove and replace the pole. That the defendant knew or, by the exercise of reasonable care, should have known of the usage of said Tenth Street as a public thoroughfare, and knew or should have known that the location and proximity of the

telephone pole in question with reference to the paved surface of said Tenth Street, at the point where said Tenth Street curves in a southeasterly direction, constituted a great peril to the safety of persons operating or riding in motor vehicles upon said street. That plaintiff, shortly after midnight on the 15th day of May, 1937, was riding as a passenger in an automobile which was being operated along and upon said street in a southeasterly direction and the driver by the use of ordinary care was unable to apprehend the southeasterly curve or the proximity of the pole, and did not apprehend the same, and the automobile collided with the telephone pole and plaintiff was injured.

The pleas of the defendant were: (a) not guilty; (b) contributory negligence on the part of the plaintiff and her alleged injuries were received on her part at a time when riding in an automobile driven by a person under the influence of intoxicating liquors and that the state of intoxication was well known to the plaintiff. There was a verdict for the plaintiff below in the sum of $2,000.00, and a lengthy motion for a new trial was made and by the lower court overruled.

Section 6337, C. G. L., authorized the City Council of the City of Haines City to grant permission or authority to the telephone company to erect and maintain poles on the streets of said city. The authority granted by the city was in the form of an ordinance which the defendant offered in evidence during the progress of the trial of the cause. The privilege granted, *supra,* to erect posts, wires and other fixtures for telephone and telegraph purposes on or beside any public road, highway or street contemplates that the same shall be erected and maintained in such a manner as not "to obstruct or interfere with the common uses of said road, highway or street." The primary purpose for

the construction and improvements to streets and highways is for the traveling public. In the construction of Section 6337, *supra,* one of the secondary purposes for which a street or highway could be used was for the erection and maintenance of posts, wires and fixtures commonly used by telephone and telegraph companies, but the use thereof on the streets and highways was so restricted that the appliances and fixtures should *not* obstruct or interfere with common uses of the streets and highways.

Section 6337, *supra,* reserved to the traveling public the use of the street or highway for common uses, free from obstruction, and it was never contemplated that telephone or telegraph companies would erect and maintain posts and other fixtures on streets or highways so as to obstruct or interfere with the common use thereof. In construing similar statutes, other jurisdictions have held that posts and fixtures of telephone and telegraph companies may be erected and maintained on or near highways and streets and generally are not liable for the damage to persons or property resulting from a road vehicle striking such post, unless it is erected on the traveled portion of the highway or in such close proximity thereto as to constitute an obstruction dangerous to any one using the highway, and the location of the post is the proximate cause of the collision. See Wyatt v. Chesapeake & P. Telegraph Co., 158 Va. 470, 163 S. E. 370, 82 A. L. R. 386, and annotations at page 395; Meese v. Goodman, 167 Md. 658, 176 Atl. 621, 98 A. L. R. 480, and annotations beginning at page 497; Cambridge Home Telephone Co. v. Harrington, 126 Ohio St. 1, 186 N. E. 611; Ohio Postal Telegraph-Cable Co. v. Yant (Ohio), 28 N. E. (2d) 646.

The rule, *supra,* is expressed by Elliott on Roads and Streets, Vol. 2 (4th Ed.), par. 1070, pages 1464-5, thusly:

"1070. Liability of Electric Companies for Injuries to Persons Using Highways.—A telephone, telegraph or electric light company using a highway is under a duty to exercise care, both in the location or construction and in the use and maintenance of its lines, not to injure persons using the highway. A license from the municipal corporation to use the way does not relieve the company from that duty, but, on the contrary, the acceptance of the license implies a duty on the part of the electric company to exercise care and diligence to prevent injury to persons using the highway. So, it has been held that the mere fact that the poles. were located under a permit of the municipal authorities does not relieve the company of liability to a traveler, without fault on his part, for injury to him caused by the dangerous location of the poles with reference to travelers upon the street. Whether the measure of care required by the law is exercised must ordinarily depend upon the facts and circumstances of the particular case, but in every case the care must be proportionate to the danger, for in no case can the degree of care be such as the law requires unless it is reasonably proportionate to the danger that is to be apprehended from the nature of electricity and electrical appliances. The nature of the appliances used and of the places where used must be taken into consideration. There can be no liability unless there is negligence, where there is an authorized use of the highway, but the dangerous nature of the agency requires commensurate or proportionate care * * *."

The principle of law, *supra,* is applicable to the facts as disclosed by this record. The issue made by the pleadings was whether or not the defendant should have reasonably anticipated that a pole erected and maintained by it at a point near a paved portion of the street at the beginning of a sharp left curve would be dangerous or unsafe for the

traveling public in the use of said street or highway, as shown in this case. This issue and others were submitted to a jury by the lower court under appropriate instructions.

Counsel for plaintiff in error pose questions 3 and 4 and the same may be considered under one assignment. The questions are, viz.:

"Is a guest who receives injuries while riding in an automobile which is being driven by a driver unfamiliar with the road, and who is relying upon the guest for instructions concerning the road which is familiar to the guest, and is dangerous by reason of a curve therein, guilty of contributory negligence, precluding her right to recover on account of injuries sustained when she allowed the automobile to be driven at an excessive rate of speed, to-wit, in excess of 40 miles per hour in a residential section of a city around a curve causing the driver to lose control of the automobile, and to drive it off the paved portion of a city street for a distance of more than 100 feet, and to strike a telephone pole situate 30 inches or more removed from the paved portion of the street, when such guest, with full knowledge of the facts, did not warn, protest or caution the driver as to the manner in which the automobile was operated?"

"Is a guest, who receives injuries while riding in an automobile, guilty of contributory negligence in riding in the car when she knows that the driver thereof is unfamiliar with the road, has consumed several bottles of beer and is driving the same at an excessive rate of speed, to-wit, in excess of 40 miles per hour in a residential section of a city, over an unfamiliar road known to be dangerous by the guest, when the guest makes no protest concerning the car's operation and remains in the automobile after ample opportunity to leave the same?"

The testimony disclosed that the plaintiff was 17 years

of age, a senior of the Haines City High School and had attended a dance connected with the graduating exercises; she lived approximately two and one-half miles from the high school and frequently used the road where the accident occurred and was familiar with the terrain and telephone pole; the driver of the car, J. F. Crum, earlier in the evening, had consumed three bottles of beer and some two or three hours thereafter drank another or fourth bottle; her fiance was taking her home in the car driven by Crum, who had no knowledge of the location of the telephone pole, curve in the road or the terrain surrounding the place where the accident occurred. The testimony also shows that the car was being driven at a speed by the witnesses estimated to be between 35 and 45 miles per hour on approaching the sharp. left-hand curve; when the driver applied the brakes the car skidded and the rear portion thereof struck the telephone pole, completely severing same a short distance above the ground and catapulting the car. The hand of the young lady was mashed and mangled, which necessitated an amputation of three fingers. She had qualified herself as a stenographer and was a music student and the loss of her fingers resulted in the loss of a position as a stenographer and rendered her unable to perform as a musician.

Plea number two of the defendant was to the effect that the plaintiff carelessly and negligently contributed to her own injury by riding in an automobile driven and managed by one J. F. Crum, who at the time was under the influence of intoxicating liquor, which was known to the plaintiff, and that the said J. F. Crum carelessly and negligently drove the automobile into a pole when intoxicated and the plaintiff was negligent in riding in the car driven by Crum under the conditions and circumstances and that the negligence and carelessness of the plaintiff contributed to and was the proximate cause of her injuries.

The trial court, at the instance and request of the defendant below in support of the plea of contributory negligence, charged the jury in part, viz.:

"VIII.  I further charge you, gentlemen of the jury, that it is unlawful under the laws of this State for a person to drive an automobile on a public highway or street while under the influence of intoxicating liquor, and if you believe from the evidence in this cause that the driver of the automobile in which plaintiff was riding was operating the same at the time and place alleged in the declaration while under the influence of intoxicating liquor, and his action in this regard was the sole proximate cause of the collision and the plaintiff's injuries, if any, then it is your duty to return a verdict for the defendant."

"XI.  I further charge you, gentlemen of the jury, that although the plaintiff was riding in the automobile over which she had no control, that nevertheless, if she was riding in said car knowing or possessed of such facts that she should have known that the driver thereof had consumed intoxicating liquors and was driving the same while under the influence thereof, * * * then in law his negligence is her negligence, and she is thereby precluded from recovering herein and your verdict must be for the defendant."

"XI.  Gentlemen, I further instruct you that if you believe from the evidence that the plaintiff at the time and place in question was riding in an automobile for the purpose of being ·driven to another place by the driver thereof who had been drinking intoxicating liquor, and if you further believe from the evidence that the plaintiff knew that the driver had been drinking intoxicating liquor immediately prior to starting upon the contemplated journey, and that the plaintiff with such knowledge entered said car for such purpose, and that in so entering the plaintiff knew

or should have known that the driver was intoxicated or was under the influence of intoxicating drinks, then such fact, under such circumstances, would in law make plaintiff guilty of contributory negligence barring her right of recovery, and your verdict must be for the defendant."

The record shows that the court below charged the jury upon all the issues presented. The law of contributory negligence was thoroughly presented as shown by the charges, *supra*. We see but little, if any, just cause for meritorious complaint in connection with these charges as given. The law was well and ably presented or given to the jury when the issues were presented. See Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555; Florida Motor Lines v. Hill, 106 Fla. 33, 137 So. 169; Green v. Miller, 102 Fla. 767, 136 So. 532; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716; Starling v. City of Gainesville, 90 Fla. 613, 106 So. 425; Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 So. 732, 20 L. R. A. (N. S.) 92; Louisville & N. R. Co. v. Allen, 67 Fla. 257, 65 So. 8, L. R. A. 1915C 20.

The evidence developed that driver Crum drank three bottles of beer between 9:00 and 10:00 o'clock and a fourth bottle at the conclusion of the dance at 1:30 A. M., and this was known to the plaintiff. The accident occurred while driving the car at an estimated speed of from 35 to 45 miles per hour at the time of the accident and that the condition of the road and the location of the pole was known to the plaintiff. It is reasonable to assume that the jury concluded that the driver Crum was not under the influence of intoxicating liquor some two or three hours after drinking three bottles of beer and the one bottle was insufficient to cause intoxication. There was eveidence that he did not drink the gin but obtained it for his companion, the piano player. The driver was advised of the sharp

left turn or curve in the road and apparently disregarded the admonitions of the plaintiff and her fiance. It was admitted that the radio in the car was on and it was possible that he did not hear the precautionary remarks about the road. The driver plead guilty in the municipal court to a charge of driving a car when intoxicated.

There can be no doubt but what the negligence of the driver was one of the contributing causes to the mangled and injured hand of the plaintiff. The driver of the car was not a party defendant. The evidence discloses and the jury concluded that the joint or concurring negligence of the defendant and the driver of the car was the proximate cause of plaintiff's injury. We do not feel justified in substituting our conclusions for those of the jury. Where there are conflicts or disputes in the testimony on the issues made, it then becomes the duty of a jury to settle the same, under appropriate instructions, under our judicial system. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557.

We fail to find error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.