**STATE ex rel. ROAD DEPARTMENT, et al
v. SOUTHERN BELL TEL. & TEL. CO.**

Circuit Court, Duval County.

March 24, 1953, May 26, 1953.

Richard W. Ervin, Attorney General, T. Paine Kelly, Assistant Attorney General, both of Tallahassee, and J. Turner Butler, Jacksonville, for plaintiffs.

Loftin & Wahl, Jacksonville, and Ausley, Collins & Ausley, Tallahassee, for defendant.

BAYARD B. SHIELDS, Circuit Judge.

Temporary Mandatory Injunction, *March 24, 1953:* After due notice this cause came on to be heard on the application of the plaintiffs for a temporary mandatory injunction to compel the defendant telephone company to remove such of the poles, wires, conduits, cables and other installations located upon, along and under the right of way of the project designated as F. A. Project No. F-00307(2) and Job 7403-202 in Nassau County, including that portion within the town of Callahan, extending from the Duval County line to a point approximately 10.1 miles north thereof, as obstruct or interfere with the work on said project. The defendant corporation has appeared and submitted itself to the jurisdiction of the court.

It appears to the court that the maintenance of the telephone facilities and installations as now located is interfering with the construction of the project and that in the public interest such construction work should proceed without interruption or delay, also that it is in the public interest that telephone service be continued without interruption and that the defendant's facilities and installations be safeguarded and protected.

It further appears that the State Road Department has offered and will agree to compensate the defendant for all or part of the necessary costs of removal and relocation of its facilities and installations on the project unless it should be judicially determined in this suit that such cost and expense should be legally borne by defendant.

It also appears that the defendant's rights can be adequately protected by the immediate removal by the defendant of the facilities and installations, the expense thereof to be advanced by the defendant, with the question of its legal obligation to remove and relocate the facilities and installations at its expense being postponed pending a determination of the merits of the legal issues advanced by the respective parties.

The court has heard and carefully considered the argument of counsel, and being fully advised in the premises it is thereupon ordered, adjudged and decreed:

That the defendant be and it is hereby required pendente lite to remove such of the poles, wires, attachments, appliances, anchors and conduits owned and used by it located upon, along and under the right of way of F. A. Project No. F-00307(2) and Job 7403-202 in Nassau County, including that portion within the town of Callahan, extending from the Duval County line to a point approximately, 10.1 miles north thereof, as obstruct or interfere with the work on said project, upon the State Road Department of the State of Florida filing in this court, and this court approving, an agreement under seal by the Road Department, approved by the Attorney General of Florida, to compensate defendant for all or parts of the necessary cost and expense incurred by the defendant in such removal, reconstruction and relocation of the telephone facilities, unless it is determined in this suit that such cost of relocation, removal and reconstruction should be legally borne by the defendant.

That the defendant be and it is hereby required to proceed at once, upon the filing and approval of the aforesaid agreement, with the removal, relocation and reconstruction of the telephone facilities and installations, the defendant being first required and directed to commence and proceed promptly with the construction of the necessary cables, poles, wires and other facilities along a relocated course to replace its present facilities and avoid any interruption in its service, and then proceed with the dismantling and removal of its present facilities and installations.

That this order shall be construed in no way to affect the substantive rights of the defendant to have adjudicated herein the question whether or not it is lawfully obligated to pay all or any part of the expense of making such removals, relocations and reconstruction, and that if it is determined later herein that it is not and should not be held to be lawfully obligated to pay such expense or any part thereof, then appropriate reimbursement will be ordered and required from the State Road Department on final hearing.

That the defendant is allowed sixty days after written notice from plaintiffs to do so, within which to plead to the bill herein.

That this court retains jurisdiction of this cause for the purpose of entering such further orders or decrees as may be necessary or appropriate.

Order, *May 26, 1953:* This cause came on to be heard, after due notice, on the complaint as amended, the amended answer of the defendant Southern Bell Tel. & Tel. Co., and the motion of the plaintiffs to strike certain portions of the amended answer. The court has heard the argument of counsel for the respective parties, read their briefs, and carefully considered all of the same.

This case arises out of the proposed and actual construction by the State Road Department of the new Jacksonville Express Highway System in Duval County. It is alleged in the complaint that the Road Department is authorized by statute to locate, construct, maintain, improve and preserve the state system of roads, that it is charged with a duty to maintain, protect and preserve them from injury and prevent such use and traffic thereon as will be liable to injure or destroy them or endanger the comfort and safety of public travel on them, that under legal authority the Road Department prepared a proposed program of a project for the improvement by the widening, extension and projection of state roads numbered 10-A and 115 within and through the corporate limits of the city of Jacksonville, which project plans the improvement of the roads from Main Street to the west end of Arlington bridge in the city. In the amended complaint similar allegations have been added with respect to a project for the improvement by widening, extension and projection of a portion of state roads numbered 5 and 10 within the city, this additional project contemplating the construction of the east and west approaches to the Gilmore Street bridge and incidental thereto the improvement of portions of intersecting streets within the limits of the project.

It is alleged that contracts for the construction of the projects have been awarded, that the contractor has commenced construction work on the improvements, and is now engaged in the prosecution thereof.

It is alleged that the state is the owner in fee simple of the land comprising the rights of way of these state roads for the use and benefit of the State Improvement Commission and the State Road Department, its lessee, in the location, construction, maintenance, improvement and preservation of the state system of roads, that the defendant Southern Bell Tel. & Tel. Co. has heretofore under authority of section 362.01, Florida Statutes 1951,[1] located, set and erected upon, along and beneath the public way now within the rights of way of the state roads here involved (as now located and to be constructed by widening, extending and projecting thereof) certain works, to-wit, poles, wires, attachments, appliances,

[1] Any telegraph or telephone company chartered by this or another state, or any individual operating or desiring to operate a telegraph or telephone line, or lines, in this state, may erect posts, wires and other fixtures for telegraph or telephone purposes on or beside any public road or highway; provided, however, that the same shall not be set so as to obstruct or interfere with the common uses of said roads or highways. Permission to occupy the streets of an incorporated city or town must first be obtained from the city or town council.

anchors and conduits used and which are being used in connection with defendant's telephone business, that the provisions of section 362.01 granted to defendant the gratuitous privilege and permit to occupy and use the public roads and highways, including streets of an incorporated city, for the purpose of locating thereon its posts, wires and fixtures, subject to the express provision that the same should be set thereon so as not to obstruct or interfere with the common uses of such roads and highways for the purpose of travel, that defendant accepted that privilege and license subject to the condition and duty to set, re-set, locate and relocate its facilities so that they would at no time obstruct or interfere with the common uses of the roads and highways as constructed and the future common uses as the same might be required as a result of the development and improvement of the highways necessitated by changing conditions or demand for increased facilities and that it is the duty of the defendant to install and maintain its facilities so that the common use of state highways and city streets shall not be interfered with so long as they continue to be state highways and so long as defendant enjoys the privilege of occupying them for private use.

It is further alleged that the present location of structures upon, along and beneath the right of way of the state roads constitutes an obstruction to the completion of the work and the construction thereof, operating to prevent plaintiffs and their contractors from proceeding with the completion thereof, that the expeditious completion of the improvements is vital to the public welfare inasmuch as the first project affords the sole means of access to the Arlington bridge, a toll bridge spanning the Arlington River (being a part of a through highway designed to facilitate vehicular traffic in and through the city of Jacksonville and relieve the dangers attending conditions of traffic along and upon the state highway system), and inasmuch as the second project will afford access to the Gilmore Street bridge, a toll bridge spanning said river (and being part of a through highway designed for the same purposes), and that the projects contemplate the construction and reconstruction of portions of state roads 10-A and 115 and state roads 5 and 10 so as to constitute the route of connection or link between the state roads in the state highway system through the corporate limits of the city.

It is further alleged the State Road Department made demand in writing on defendant to remove and relocate on the right of way of the projects its poles, wires, attachments, etc., so as not to obstruct the work of construction and reconstruction of said roads, which demands defendant refused on the ground that it is not required by law to remove or relocate its facilities at its own

expense or incur the cost thereof without assurance it will be reimbursed by plaintiffs.

Plaintiffs prayed for mandatory injunctions requiring defendant to so remove and relocate its facilities, and for a determination by the court of the rights and obligations of the parties with respect to their liability for the payment of the costs and expenses of such removal and relocation. Temporary mandatory injunctions were issued, commanding defendant to remove and relocate its facilities as prayed, but with the express provision that the injunctions should be construed in no way to affect the substantive rights of defendant to have adjudicated herein the question whether or not it is lawfully obligated to pay all or any part of the expense of making such removals, relocations and reconstruction and that should it be determined later that defendant is not lawfully obligated to pay such expense, reimbursement would be ordered and required from the State Road Department. The Road Department has agreed to compensate defendant for such expense if it is legally determined the same should not be paid by the defendant.[1]

Admittedly the location of the facilities on the new express highway would interfere with or obstruct its use by the public.

---

[1] By the following agreement which has been filed in this cause:

This Agreement made this 24th day of March, 1953 by the State Road Department of the State of Florida to Southern Bell Tel. & Tel. Co. and pursuant to order of this court dated March 24, 1953, Witnesseth:

The State Road Department does hereby agree to compensate Southern Bell Tel. & Tel. Co. for all or part of the necessary costs and expenses incurred by the said company in removing, reconstructing and relocating the telephone facilities described in paragraph 1 of the order of temporary mandatory injunction entered herein on March 24, 1953 unless it is determined in this suit that said costs of relocation, removal and reconstruction should be legally borne by Southern Bell Tel. & Tel. Co.

The necessary costs of removal, reconstruction and relocation mentioned herein shall embrace only those items for the provision of comparable facilities as those now existing and to be provided by removing, reconstructing and relocating the present facilities, and accurate records shall be kept by Southern Bell Tel. & Tel. Co. of the salvage value of the removed and unused wires, poles, conduits and other installations.

| *Attest:*<br>R. M. Hartsfield<br>Secretary | State Road Department<br>of the State of Florida.<br>By: Richard H. Simpson<br>Chairman |
|---|---|
| *Approved* this March 24, 1953:<br>Bayard B. Shields<br>Judge | *Approved:*<br>Richard W. Ervin as Attorney General<br>of the State of Florida<br>By: T. Paine Kelly<br>Assistant Attorney General |

Defendant has removed and relocated its facilities at its own expense, and the issue now to be decided is whether or not plaintiffs should be required to reimburse it for such expense.

To the amended complaint defendant filed an extensive and voluminous amended answer setting up certain facts, arguments and propositions of law, the effect of which it contends should relieve it of the obligation to remove its facilities from the projects at its expense.

Plaintiffs have filed a motion to strike portions of the answer which they claim are not responsive to the allegations of the complaint, tender no material issues and present no defense in law or fact to their right to require the removal and relocation of the facilities by defendant at its expense.

The statute, in section 362.01, gives any telephone company operating or desiring to operate telephone lines in this state the right to erect posts, wires and other facilities for telephone purposes on or beside any public road or highway provided the same shall not be set so as to obstruct or interfere with the common uses of the roads or highways. The rights of the parties here are based on the proper construction of that statute and the applicable law.

Defendant contends the condition attached to the state grant by the above section does not obligate it to remove and relocate at its own expense its fixtures to accommodate the construction of the express road and highway system involved in this suit because (it claims) the condition was not intended to, and does not, obligate it to remove and relocate facilities to accommodate the construction of a new highway. This contention, though defendant advances many others, presents, in the opinion of the court, the fundamental question to be decided in this case.

Regardless what state agency has the legal title to the highways here involved, it is clear they are now state roads. All of the streets involved in the expressway program were designated state roads by the 1949 legislature (chapter 25002, Laws of Florida, Acts of 1949), and the Road Department has the duty and the power to protect and preserve them and prevent such use of or travel on them as may be liable to endanger the comfort and safety of public travel on them, section 341.24, Florida Statutes 1951. And in section 341.64 it is provided that when the Road Department constructs or reconstructs any state road which enters or passes through any city or town it shall construct or reconstruct the municipal connecting link of such road to conform to the same type of construction used in such road, and that whenever any such municipal connecting link is constructed or reconstructed no obli-

gation shall rest upon the department to remove or relay any underground sanitary sewers or gas or water mains or other similar public utility.

It appears the road and highway being built from Main Street to the west end of Arlington bridge is an extension, projection or prolongation of state roads 10-A and 115 from Main Street to the bridge, in some cases widening existing streets, crossing others, and in others creating new streets and links between existing streets and roads, and that the project for the construction of the approaches to the Gilmore bridge also contemplates widening, extending, projecting, prolonging and crossing existing streets and roads in the city in the same way.

The privilege of traveling the public streets and highways of our state is certainly one of the most valuable rights of the citizens. This has always been true, but especially true since the advent of the automobile and the recent marvelous increase in its use. It cannot be doubted that roads wide enough, long enough and numerous enough to accommodate the tremendous volume of travel are now necessary and vital to the health, safety and the very lives of citizens.

The franchise or license given gratuitously to the defendant telephone company to erect its facilities on or beside the public roads and highways of our state has been accepted by the company and used for many years. An integral and inseparable part of this franchise or license is the proviso or condition that the licensee shall not set its facilities so as to obstruct or interfere with the common uses of the roads or highways. This condition would doubtless be implicit in such a grant even though it were not expressed, as it is here. Such franchises or licenses are construed strictly in favor of the state and against the telephone company, and the franchise or license here involved must be so construed. Tampa & Jacksonville Ry. Co. v. Catts (Fla.), 85 So. 364; Capital City Light & Fuel Co. v. City of Tallahassee (Fla.), 28 So. 810, affirmed by United States Supreme Court, 46 L. ed. 1219.

The use by the public for travel is the primary purpose of state highways and the use by the telephone company for its facilities is secondary and subordinate to said public use, and may not obstruct or interfere with the primary use. Peninsular Telephone Co. v. Marks (Fla.), 198 So. 330.

The power of the state to control and maintain the state highways for the use of the public is paramount. 52 Am. Jur. p. 64; Erie R. R. Co. v. Board of Public Utility Commissioners, 65 L. ed. 322; Amos v. Mathews (Fla.), 126 So. 308; Anderson v. Fuller (Fla.), 41 So. 684, 120 American State Reports 170.

It seems clear that included in the powers granted by the legislature to the Road Department is the power to enforce the condition subject to which the telephone company uses and occupies the public highways involved here. That is the purpose of this suit.

It would hardly be contended that the telephone company would not be obligated to remove and relocate its facilities set along or on established or existing highways which the Road Department proposed to widen. Nor does it appear to the court that the power of the department to enforce the condition attached to the grant can be defeated where it proposes to widen, extend, project or prolong state roads even though some of the links, streets or roads, between existing streets or roads in the projects, are links, streets or roads laid out after the project was initiated. 52 Am. Jur. p. 64; Erie R. R. Co. v. Board of Public Utility Commissioners, 65 L. ed. 322; Western Union Telegraph Co. v. City of Richmond, 56 L. ed. 710.

Other contentions are urged in defendant's answer to uphold its claim that it is not obligated to remove and relocate its facilities at its expense to accommodate the construction of the new express highway system. It is claimed that under the statute the company has a perpetual and irrevocable franchise and that its vested rights thereunder cannot be impaired without violating constitutional prohibitions. This may be conceded, especially where it applies to roads on which the company has exercised its license, but an integral and inseparable part of the franchise is the condition on which the franchise depends and which is sought to be enforced here. The franchise being subject to the condition, the enforcement of the condition will not impair any vested right.

It is also claimed that the expressway is a proprietary venture, that it is a federal aid project intended primarily to accommodate interstate travel, and for these reasons not subject to the exercise of police powers by the state, that to require the company to relocate its facilities in this case at its expense would result in an unconstitutional discrimination against it when railroad companies are partially reimbursed on federal aid programs, and finally that such requirements against the company would be unreasonable, arbitrary, capricious and discriminatory. It appears to the court, however, that no one of these contentions presents any valid defense in law or fact to the rights claimed by plaintiffs in this suit, or alleges any facts to show that the exercise of those rights would be or is unlawful, arbitrary or unreasonable.

All of these contentions, claims and arguments of the defendant are set out in the several portions of its answer which plaintiffs have moved to strike and, as the court considers each of them to be

without merit, plaintiffs' motion should be granted; and it is, thereupon,

Ordered, adjudged and decreed that said motion be and the same is hereby granted and that the following portions of the defendant's answer are stricken:

That part of par. 1 of said answer beginning with the words "It has such power, duties and responsibilities," etc. and concluding with the words "for the construction of new state roads or new federal-aid roads"; that portion of par. 3 beginning with the words "but such authority does not empower," etc., and concluding with the balance of the section of said paragraph; that portion of sec. 4 beginning with the words "defendant says that those projects" etc. and concluding with the words at the end of p. 2 "as hereinafter more fully pointed out"; that portion of par. 4 beginning with the words at the top of p. 3 "Defendant avers that by chapter 25002," etc. and concluding with the words on p. 4 "to the west end of said Arlington Bridge"; that portion of par. 4 beginning on p. 4 with the words "The Supreme Court of Florida has held" etc. and concluding on p. 5 with the words "with the common use of said streets"; that portion of par. 4 appearing on p. 5 beginning with the words "the two projects," and concluding with the words "of existing streets or highways" at the end of the page; par. 6, p. 6, beginning with the words "the defendant"; that portion of par. 7, p. 6, beginning with the words "The defendant denies, however," and concluding with the words on p. 7 "of the State of Florida, and the United States"; that portion of par. 7 on p. 7 beginning with the words "Other considerations make it obvious" and concluding with the words on p. 8 "further answer to paragraph 7 is unnecessary"; that portion of par. 8 on p. 8 beginning with the words "Defendant denies" and concluding with the words on p. 9 "not benefit from said projects"; that portion of par. 9 beginning with the words on p. 9 beginning with the words on p. 9 "Defendant denies that," and concluding with the words on p. 10 "in a proprietary capacity"; that portion of par. 10 on p. 10 beginning with the words "except that," and concluding with the words on p. 10 "its said facilities"; all of par. 12 on p. 10; subdivision (b) of par. 13; that portion of subsec. (c) of par 13 beginning with the words on p. 13 "F. A. Project No.," and concluding with the words on p. 13 "Interstate Highway"; that portion of subsec. (c) of par. 13, p. 13, beginning with the words "On November 9, 1951" and concluding with the words on p. 15 "will be served by said expressway system"; that portion of subsec. (c) of par. 13 on p. 15 beginning with the words "The defendant alleges that the Florida," etc. and concluding with the words "as plaintiff seeks the authority to do herein" on p. 16; subsec. (d) of par. 13 appearing on pp. 16 and 17; subsec. (e) of par. 13; subsecs. (f), (g) and (h) of par. 13; together with all the allegations of the answer pertaining to the interstate character of the system.

The defendant is allowed fifteen days from the date of this order to file such amended answer or amendments to its answer as it may be advised, and the plaintiffs are allowed fifteen days after receipt of a copy thereof to file such pleadings thereto as they may be advised.