CARROLL, Judge.
This appeal is taken under § 59.-04, Fla.Stat., F.S.A., by the plaintiffs Betty D. Floyd, a minor, and Grady L. Floyd, her father as her next friend and individually, from an order granting a new trial. The minor plaintiff was injured when the automobile in which she was riding as a passenger was involved in an accident. She filed suit against the driver, who was her sister, and against the car owner. As recovery was sought by a passenger in a car, it was necessary for plaintiffs to show the injuries were proximately caused by gross negligence of the driver. Section 320.59, Fla.Stat., F.S.A. Trial of the action resulted in a verdict for $5,000. Defendants moved for a new trial which was granted. As required by § 59.07(4), Fla.Stat., F.S.A., and rule 2.6(d), F.R.C.P.,[1] the order stated the grounds upon which the new trial was granted,[2] including one that the verdict was *881 against the manifest weight of the evidence. We affirm the order appealed from on the authority of Cloud v. Fallis, Fla.1959, 110 So.2d 669.
Since the cause is to be retried after remand, we point out that the fourth ground stated by the trial judge, which was that a charge of contributory negligence should have been “emphasized” was not proper. The court in its charges to the jury should not give undue prominence to any one phase or theory of the case.[3]
Affirmed.

. By later amendment to the rules this requirement is covered by rule 2.8(f), F.R.O.P., 31 F.S.A.

. “1. The jury by its verdict evinced a superlative quality of prejudice and/or bias in returning its verdict. 2. The verdict shocked the judicial conscience of the court. 3. The ad damnum clause is the sum of $4,500.00, and in his summation the able attorney for the plaintiff recommended a maximum verdict of $3,- *881 800.00; the jury returned a verdict in the sum of $5,000.00. [4] The court was negligent in failing to emphasize the substance of approved instructions on con-tributary negligence in the case of Peninsular Telephone Company versus Marks, [144 Fla. 652], 198 Southern 330. [5] And finally the verdict was against the manifest- weight of the evidence.”

. See Orme v. Burr, 157 Fla. 378, 25 So.2d 870, 879; 32 Fla.Jur., Trial § 167; 53 Am.Jur., Trial § 568. See also Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183, 187.