383 So.2d 650 (1980)
Bernadette Louise ANTHONY, a Minor, and Willie L. Anthony, Jr., a Minor, Etc., Appellants,
v.
The JACKSONVILLE TRANSPORTATION AUTHORITY, Etc. et al., Appellees.
No. OO-491.
District Court of Appeal of Florida, First District.
March 25, 1980.
On Rehearing May 20, 1980.
Penland, McCranie & Shad, Jeffery B. Morris and C. Wayne Alford, of Sinoff & Alford, Jacksonville, for appellants.
James M. McLean, of Rogers, Towers, Bailey, Jones & Gay, William S. Burns, Jr. of Marks, Gray, Conroy & Gibbs, and Richard W. Kreidler, of Rice & Kreidler, Jacksonville, for appellees.
ROBERT P. SMITH, Jr., Judge.
Appellants complain of the trial court's dismissing with prejudice their third amended complaint, which was appellants' second effort to aver ultimate facts showing a cause of action in the incident complained of. Suing the Jacksonville Transportation Authority, the City of Jacksonville, and Metropolitan Systems, Inc., which either operated a bus transportation system or placed benches at bus stops for the convenience of passengers, appellants alleged that the corner of Atlantic Boulevard and Live Oak Drive was negligently chosen for a bus stop because of danger from "busy vehicular traffic at said intersection," and also that
the said bench [at that corner] was unreasonably close to busy vehicular traffic and posed an unreasonable risk of harm to those persons, including the plaintiffs, who would utilize said bench while awaiting *651 the arrival of buses at said bus stop ... .
Plaintiffs were struck by an automobile while they sat on the bench awaiting a bus. The complaint, which is somewhat vague in this detail, was treated in argument as alleging that the bench was in a position near but not in the roadway and that the automobile left the road before striking plaintiffs. There is no allegation that, under particular circumstances which might have been but were not described in the complaint, this particular wayside was more than ordinarily vulnerable to runaway automobiles, or that conditions made it reasonably foreseeable that a vehicle would run off the road at or near the bus stop. See Newton v. Davis Transport & Rentals, Inc., 312 So.2d 200 (Fla. 1st DCA 1975); Nance v. James Archer Smith Hospital, Inc., 329 So.2d 377 (Fla. 3d DCA 1976), cert. den., 339 So.2d 1171 (Fla. 1976); contrast Brinkley v. Southern Bell Tel. & Tel. Co., 353 So.2d 593 (Fla. 3d DCA 1977), cert. den., 359 So.2d 1219 (Fla. 1978). We agree with the trial judge that plaintiffs failed to allege ultimate facts tending to support the conclusory allegations that, under all the circumstances, this bench was placed or maintained in a position unreasonably close to the roadway, and that its placement contributed to plaintiffs' injury. Nothing in the record suggests that plaintiffs may by further amendment be able to cure the deficiencies in their third amended complaint. The judgment of dismissal is therefore
AFFIRMED.
LARRY G. SMITH, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting:
The complaint appears to me to adequately identify certain conditions of alleged unreasonable risk which are within the province of a jury to determine on sufficient evidence. The conditions described were (1) heavy traffic volume (busy vehicular traffic) at the point in question where (2) specified streets intersected together with (3) close proximity between traffic and the bench, which was easily movable and erected under a contract (attached to the complaint) permitting placement 18 inches from the curb face unless closer placement was authorized.
Appellees argue that plaintiffs were not yet passengers, that the driver's negligence was an efficient independent intervening cause, and that the risk of a vehicle leaving the roadway created "extraordinary exigencies" beyond their liability as a matter of law. The latter conclusion is supported to some extent by Speigel v. Southern Bell Telephone Co., 341 So.2d 832 (Fla. 3rd DCA 1977), denying liability to occupants of a vehicle which collided with a telephone pole near the road. Without elaboration of distinctions between duty toward persons seated on bus stop benches and those in other vehicles, I believe the better view would not as a matter of law in this case support total unforeseeability of any vehicle's departure from the travel lane at a busy street intersection. Peninsular Telephone Co. v. Marks, 144 Fla. 652, 198 So. 330 (1940).

ON PETITION FOR REHEARING
PER CURIAM.
It appearing from their petition for rehearing that the trial court dismissed appellants' complaint only once on the merits, rather than twice as previously stated, and that plaintiffs conceivably may be able to further amend to state a cause of action, rehearing is GRANTED, the trial court's order dismissing the third amended complaint is AFFIRMED, but the dismissal with prejudice is REVERSED and the cause is remanded with instructions to afford plaintiffs another opportunity to amend. Bradham v. Hayes Enterprises, 306 So.2d 568 (Fla. 1st DCA 1975).
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.