**C. W. ZARING & CO., a corporation, under the laws of Florida, v. FRANK D. DENNIS.**

19 So. (2nd) 701                June Term, 1944

November 10, 1944              Special Division B

*Adair, Kent, Ashby & McNatt, C. G. Ashby, H. Fletcher Martin* and *H. S. Wilson,* for appellant.

*Baxter & Clayton* and *O. O. Edwards,* for appellee.

WALKER, Circuit Judge:

Frank D. Dennis, appellee, hereinafter referred to as plaintiff, recovered a judgment against appellant, hereinafter referred to as defendant, in the amount of $5250.00 for personal injuries and damage sustained when the truck in which he was riding collided with the rear end of defendant's truck, which was then and there standing upon a paved State Road in the nighttime, occupying one half thereof, with all of its wheels upon the pavement, without lights upon it or upon the road as required by law. Plaintiff's declaration was in two counts. The first count thereof averred inter alia that "the plaintiff was driving his Ford V-8 truck on State Road No. 500 . . . in a northerly direction in the nighttime, and the defendant was operating its truck along said road in the same direction, and . . . then and there negligently and carelessly caused said truck to be stopped on the . . . pavement of said road so that defendant's truck occupied one-half of said road, . . . and that said defendant's truck, while so stopped with all its wheels on the . . . pavement of said road had no lights on the truck or warning lights on the ground or elsewhere, as it was compelled to do by the laws of Florida;

and by reason of darkness which obscured the plaintiff's vision of truck until plaintiff was in dangerous proximity thereto he was unable, although driving carefully and cautiously, to prevent his truck . . . from colliding with defendant's truck, and plaintiff's truck did collide without fault of plaintiff with the left rear side or back of said truck while it was so stopped and unlighted; . . ."

The second count was the same as the first count, with the addition that the plaintiff claimed damages for the demolition of his truck. The defendant interposed six pleas to the declaration, and to each count thereof, including (1) the general issue, (2) a traverse that there were no lights on the truck or warning lights on the ground as alleged in the declaration (3) a traverse that plaintiff was driving carefully and cautiously, (4) a traverse that defendant's truck was unlighted as alleged in the declaration, (5) a plea of contributory negligence to which a demurrer was interposed and sustained, and (6) another plea of contributory negligence which alleged that the plaintiff so negligently operated his truck "as that he was unable to stop or control the same within the range of his vision, and plaintiff's said truck collided with the rear of defendant's said truck, thereby proximately contributing. to plaintiff's alleged injury and damage."

After trial, rendition of verdict by the jury for the amount stated, and entry of judgment in conformity therewith, the defendant interposed a motion for new trial in which it challenged the sufficiency of the evidence to support the verdict and the correctness of the trial court's charge to the jury. The motion was thereafter duly heard, considered and denied, and an appeal thereupon perfected from the judgment to this Court, with which appellant, the defendant, assigned fourteen errors.

The first assignment has been abandoned, and the propriety of the other thirteen can be determined by an appropriate consideration of three principal points in the case, namely: (1) whether or not defendant's fifth plea of contributory negligence was valid, (2) whether or not the trial

court committed prejudicial error in its charge to the jury, and (3) whether or not the verdict of the jury is excessive.

The declaration to which the fifth plea was tendered is based upon Sec. 317.67, Florida Statutes, 1941, which, in part, clearly provides:

"Whenever any motor truck, . . . is disabled upon the traveled portion of any highway, or the shoulder thereof, outside of any municipality at any time when lighted lamps are required on vehicles, the driver of such vehicle shall display . . . three lighted flares (pot torches) or three electric lanterns . . . on the roadway as follows:

"One at a distance of approximately one hundred feet in advance of the vehicle, one at a distance of approximately one hundred feet to the rear of the vehicle each in the center of the lane of traffic occupied by the disabled vehicle, and one at the traffic side of the vehicle approximately ten feet rearward or forward thereof."

And under the requirements of Sec. 317.66, Florida Statutes, 1941, every such flare or lantern so required, in addition to other specifications, must be of such type, design or construction as to be "capable of being seen and distinguished at a distance of five hundred feet under normal atmospheric conditions at nighttime," and every person is required, when operating a motor truck upon any highway outside the corporate limits of municipalities at nighttime, to carry in such vehicle at least three of such flares or lanterns.

The defendant's fifth plea, to which a demurrer was sustained, alleged that "defendant's truck had stopped on the East side of said highway, by reason of the fact that it had choked down; that although the driver of said truck attempted to get said truck off of said highway, he was unable so to do; that thereupon, and before the time of the alleged collision, three lighted flares were placed on said highway by said driver, one approximately twenty-five feet behind said truck, about the center of the West half of said highway, another about the center line of said highway approximately twenty-five feet to the rear or South of said truck, and the

third was placed approximately twenty-five feet North of said truck about the center of said highway; that at said place, said highway was substantially straight, and said lighted flares were plainly visible to persons travelling along said highway, and were so placed as that the plaintiff saw, or should have seen, said lighted flares; that notwithstanding the same, plaintiff carelessly and negligently so operated and propelled his said truck as that the same was caused to collide with defendant's said truck, thereby proximately contributing to his alleged injury and damage."

The burden was upon defendant to properly allege and prove by a preponderance of the evidence the defense of contributory negligence.

Obviously, the quoted plea in the instant case disclosed a violation of Sec. 317.67, supra, by defendant. It disclosed upon its face that defendant was violating the law of the road at the time of the collision. It disclosed the flares alleged to have been displayed were not displayed in accordance with the mandate of Sec. 317.67, supra. No averment was made as to what distance the flares allegedly put out were visible from the dangerous obstruction placed upon the road by the defendant; nor as to how far the flares allegedly put out were visible to a motorist exercising reasonable care and caution. Neither was there an averment that such flares were displayed in accordance with the requirements of law or that they were adequate to warn a motorist exercising reasonable care and caution of the dangerous obstruction in the road. Hence, in our opinion the plea was defective and the demurrer interposed thereto was properly sustained.

Counsel for defendant, with much emphasis, contend on page 22 and elsewhere of their brief, "that the issue raised by the pleadings was whether or not there were *any* warning lights on the ground and that it was harmful error to the defendant for the lower court to have submitted any issue to the jury as to whether the warning lights on the ground were spaced around or from the truck at the distance prescribed by the statute." (Italics added)

We are unable to perceive that such issue contended for

by counsel was the true one raised by the pleadings; nor are we able to construe the issue as submitted to the jury by the lower court to have been one limited "as to whether the warning lights on the ground were spaced around or from the truck at the distances prescribed by the statute." We think the true meaning of the averment of the declaration with reference to lights to be simply that the truck was stopped upon the highway, in the nighttime, without lights on it and without warning lights being displayed on the road in accordance with the laws of Florida. We also think the true issue as raised by the pleadings was whether or not defendant carelessly and negligently violated the statute in not displaying upon the road warning lights in accordance therewith, and whether or not such violation was the direct and proximate cause of the injury and damage sustained by plaintiff. Such was the evident construction of the trial court and such was the issue submitted to the jury under appropriate instructions. The character of lights, the number thereof, and the manner and form they are required to be displayed, and requirements to which reference has already been made and are clearly defined and stated under the provisions of Secs. 317.66 and 317.67, supra. No more than a warning light or flare 1500 feet in front of and behind a stalled vehicle upon a public highway would not constitute a compliance with the statute. Neither would no more than a flare as close as ten feet in front of, to the side, and behind a stalled vehicle (as seemed to be, at most, the situation in the instant case) constitute a compliance with the statute. The purpose of the statute together with Sec. 317.44, F. S. 1941, was to keep the road free and clear of hazards and dangerous obstructions, to require adequate and appropriate warning in case of their unavoidable presence, to protect life, limb and property, and to promote safety upon the public highway generally.

The plaintiff in this case had the right to assume that the defendant would observe the statute with reference to displaying warning lights, and under the law owed the defendant no duty other than to drive the usual way and to exercise reasonable care and caution.

In the case of Allen v. Hooper, 126 Fla. 458, 171 So. 513, we said:

"The violation of traffic law is prima facie evidence of negligence, but that prima facie evidence may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown that the traffic law has been violated, it is a question for the jury to determine from all the facts and circumstances whether or not the prima facie of negligence is overcome by other evidence of existing facts and circumstances."

In the case at bar all of the witnesses in behalf of plaintiff with reference to whether or not warning lights were displayed testified that there were no lights of any kind on the truck or on the road, or elsewhere, whereas the prepondering part of defendant's evidence was to the effect that there were only two flares displayed; that one was displayed only ten feet behind the parked truck and the other ten feet in front of the same. Hence, the jury could have very reasonably and properly concluded on the one hand, consistent with defendant's evidence, that the injury and damage sustained by plaintiff was the direct and proximate result of defendant's violation of the statute in failing to display warning lights at the proximate distances provided for thereby, and in failing to display the requisite number thereof, or, on the other hand, consistent with plaintiff's evidence, that such injury and damage was sustained as the direct and proximate result of the violation of the statute by defendant in failing to provide any kind of lights, anywhere. Either situation constituted a clear violation of the law of the road and was within the purview of the charge of negligence contained in the declaration. There is no question involved on this appeal, if any there could be, regarding the propriety of the generality of the charge of negligence nor of a bill of particulars.

The two requested charges refused defendant are embraced within its motion for a new trial, and constitute the seventh and eighth grounds thereof. Neither was properly predicated upon any issue in the case in view of what we have already said with reference to the invalidity of the fifth plea and

with reference to the meaning of the declaration, and, moreover, each was defective, even if not for other reasons, in failing to include a requirement that the warning lights averred to have been displayed were adequate to warn a motorist exercising reasonable care and caution. From a scrutiny of the entire charge of the trial court otherwise, we are of the opinion that the charge as a whole was proper and does not contain reversible error.

We are also convinced from our perusal of the entire record that the verdict of the jury is not excessive; that the case was fairly and impartially tried; that the evidence adduced was amply sufficient to support the verdict, and that the judgment predicated thereupon is not inconsistent with the law and justice of the case. See: Lonstein v. Onondaga Freight Corp., 17 Automobile Cases (CCH) 928; McKay, et al., v. Hannah, etc., et al., 19 Automobile cases (CCH) 262; Gosma v. Adams, 102 Fla. 305, 135 So. 806; Florida Motor Lines v. Ward, 102 Fla. 1105, 137 So. 163; Walker v. Smith, 119 Fla. 430, 161 So. 551; Jacksonvillle v. Vaughan, 92 Fla. 339, 110 So. 529; Stearns, etc., Lbr. Co. v. Cawthon, 62 Fla. 370, 56 So. 555; Garcia v. Borine, 77 Fla. 211, 81 So. 155; City of Miami v. Thigpen, 11 So. (2nd) 300.

Hence, the judgment appealed from should be affirmed, and, accordingly, it is so ordered.

BUFORD, C. J., CHAPMAN and THOMAS, JJ., concur.