EDNA BOND, by her next friend, EDWARD BOND, and EDWARD BOND v. PALM BEACH LANDSCAPE COMPANY, a Florida corporation.

37 So. (2nd) 536                                    June Term, 1948
November 12, 1948                                       En Banc
Rehearing denied December 8, 1948

*Harry Goodmark,* for appellants.
*Earnest, Lewis & Smith,* for appellee.

PER CURIAM:

Affirmed.

THOMAS, C. J., SEBRING, BARNS and HOBSON, JJ., concur.

TERRELL, CHAPMAN and ADAMS, JJ., dissent.

CHAPMAN, J., dissenting:

The Court below held the two counts of an amended declaration fatally defective because each count failed to state a cause of action. Judgment final was entered and plaintiff appealed. Count one in viz:

"Comes now your plaintiff, Edna Bond, by her undersigned attorney, and sues Palm-Beach Landscape Company, a Florida corporation, for that on July 17, 1947, your plaintiff was riding as a passenger at approximately 4:15 P. M. in a 1941 Chevrolet sedan on Florida State Highway No. 7, going north, which highway is located approximately one-quarter mile south of Deerfield Road No. 810.

"That on said date your defendant owned a 1937 International motor truck and that on said date on said Florida State Highway No. 7, approximately one-quarter mile south

of Deerfield Road No. 810, outside of any municipality, your defendant, through its duly authorized agent, negligently and carelessly stopped and parked the aforesaid 1937 International motor truck on said Florida State Highway and permitted the aforesaid truck to stand in the highway with all of its wheels on the pavement in the line of traffic in which the car plaintiff was riding in was traveling; that defendant placed no warning device or signal on flag nor did anything to indicate, as required by law, that the said truck was parked in the road aforesaid; that your plaintiff was without knowledge as to the defendant's having parked his truck as aforementioned and as a proximate result of the negligence and carelessness of the defendant, the driver of the car in which plaintiff was riding did not realize that defendant had parked as aforesaid until the car was in dangerous proximity to the truck and the driver was unable, though driving carefully and cautiously, to prevent the car in which plaintiff was riding from colliding with defendant's truck, and the car in which plaintiff was riding did collide with plaintiff's truck without fault on your plaintiff's part.

That as a proximate result of the aforesaid negligence of your defendant your plaintiff was violently thrown out of the seat in the car against the inside front part of the car in which the plaintiff was riding and as a proximate result your plaintiff sustained numerous and sundry injuries in and about her body necessitating various stitches, causing her to have two fractured ribs, a dislocation of her shoulder, pulled ligaments, tendons, as well as other internal injuries and your plaintiff suffered severe mental and physical pain as a result of said injuries and continues to suffer from said injuries so negligently caused."

Pertinent allegations of count two on the part of the husband are very much like those of count one, except that he sought to recover for the loss of consortium, doctor bills, medicine, hospital expenses and other items flowing from the alleged negligent injury.

Allegations of negligence of counts one and two are identical. They charged that the defendant negligently and care-

lessly stopped and parked the truck on the highway with all wheels on the pavement; that it placed no warning device, signal or flag, nor did anything to indicate, as required by statute, the truck was parked on the highway. Section 317.67, F.S.A., is cited and relied upon as requiring the aforesaid warnings. In the case of Allen v. Hooper, 126 Fla. 458, 171 So. 513, we held that the violation of traffic laws is prima facie evidence of negligence, but that prima facie evidence may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. Therefore, when it is shown that the traffic law has been violated it is a question for the jury to determine from all the facts and circumstances whether or not the prima facie evidence of negligence is overcome by other evidence of existing facts and circumstances. This rule was reaffirmed by this Court in C. W. Zaring Co. v. Dennis, 155 Fla. 150, 19 So. (2nd) 701. See DeSalvo v. Curry, 160 Fla. 7, 33 So. (2nd) 215; Seaboard Air Line R. Co. v. Watson, 94 Fla. 571, 113 So. 716, Hernandez v. Pensacola Coach Corp., 141 Fla. 441, 193 So. 555; Peninsular Telephone Co. v. Marks, 144 Fla. 652, 198 So. 330.

It is my conclusion that the declaration states a cause of action.