61 So.2d 185 (1952)
GREEN
v.
ATLANTIC CO.
Supreme Court of Florida, Division A.
April 18, 1952.
On Rehearing October 31, 1952.
*186 Forrest O. Hobbs and Robert F. Nunez, Tampa, for appellant.
Macfarlane, Ferguson, Allison & Kelly, Chester H. Ferguson and Hugh C. Macfarlane, Tampa, for appellee.
TERRELL, Justice.
September 1, 1949, William Samuel Green was struck and injured by a truck of Atlantic Company at Riverview, on Highway 41, in Hillsborough County. He died January 4, 1950. This action was brought March 27, 1950 by his widow, Annie Lou Green to recover damages for the negligent death of her husband. The complaint was amended and there was a rash of pleading which we do not consider necessary to detail. The case went to trial on three defenses. (1) General issue. (2) Contributory negligence and (3) the injury inflicted by the truck was not the cause of Green's death. The jury returned a verdict for the defendant, final judgment was entered, a new trial was denied and the plaintiff appealed.
There is no material dispute about how the accident took place. Green parked his automobile at Hancock's Service Station and proceeded on foot to the ice house 25 or 50 feet to the north to purchase ice. Defendant's truck was parked on the highway about 50 feet easterly from the ice house. Green was a regular customer and while waiting by the platform in front of the ice house to be served, defendant's truck was backed up, striking Green and pinning him between the platform and the back of the truck. The driver of the truck could not see the platform, nor the area where Green was standing. In fact, he said he lined up the side of the truck with the side of the ice house by looking backward with the truck door open. He gave no warning of his movement, he had no one to guide him and could not see the platform of the ice house because his vision was cut off by the back of the truck. Green had been frequently served from the platform, other patrons were served there and the ice to serve the community was delivered there. Green had a right to be there as did the driver of the truck, but he was required to exercise reasonable care in approaching the place. There is no showing that he sounded his horn nor gave any warning, yet he was on grounds frequented by pedestrians and motorists.
The law is settled that one may back his automobile over the highways and public places without being guilty of negligence but the driver is required to sound his horn, use his rear view mirror and exercise every other means at his hand to protect the life and property of others who may be in his path. When there is reason to do so he should continue to look backward and sound his horn in order that others on the grounds may be warned of his approach. The place where Green was struck was a public one where customers were going and coming constantly. It was the duty of each and all of them to exercise reasonable care for the safety of the other. The degree of care required of them is commensurate with the noise and confusion about the place.
This Court is committed to the doctrine that the plea of contributory negligence not only admits negligence on the part of defendant but places on him the burden of proving his plea. He must show that the plaintiff failed to exercise reasonable care for his safety or that he unduly exposed himself to danger and that his failure to do this was responsible for his injury. We have examined the evidence carefully and we find no showing whatever that Green failed to exercise reasonable care for his safety. He was in a public place where he had a right to be, in fact, it may be admitted that his right and that of defendant were equal or reciprocal but Green was there first on a personal mission and it was the duty of defendant to back up *187 with reasonable regard for his (Green's) safety. There must be affirmative showing that Green carelessly exposed himself or took an unwarranted chance which was responsible for his injury. Shayne v. Saunders, 129 Fla. 355, 176 So. 495.
So much for the law of negligence on the part of the defendant and contributory negligence on the part of Green. It would be trite to assert that both are questions for determination of the jury under appropriate instructions. Numerous objections are raised to the instruction given the jury on these points. We do not discuss them seriatim because it would require a long opinion that would serve no useful purpose. When the charge is read in the light of the evidence and the facts adduced one is left with a feeling that it falls far short of clothing the jury with a guide to reach a just conclusion. Much of it is an abstract or general statement of conditions that are unrelated to the concrete facts of this case. Charges must square with the rule of law arising from the facts developed at the trial of the case. Derived from any other source they are as apt to mislead as they are to lead the jury aright.
The ice house in question was near U.S. Highway 41, which bears a heavy traffic. Account of this and the noise about the service station and the community, the fact that Green was a customer on the premises, that he expected to get his ice and move on immediately, the fact that he was in a place where customers frequent, did not relieve him of responsibility to take care for his safety. It all the more stimulated the duty of defendant to exercise the degree of care imposed on him for the safety of others on the premises. The charge to the jury did not take this situation into account, nor did it take into account the customs of the road and the warnings that every motorist is expected to observe as a safety practice under the circumstances. There is no showing whatever that the deceased was not possessed of normal faculties or that he was not exercising due care for his safety at the time he was injured.
Emphasis on a few of the charges will more forcibly illustrate the criticism that the charge as a whole did not take into account the concrete factual situation presented in this case. Charges numbered one, two and three are not only pertinent for this purpose but have little factual basis in the record.
1. "The law does not allow you to find both parties guilty of negligence and that the defendant was guilty of greater negligence than the plaintiff and then allow you to find a verdict upon those findings for the plaintiff. For losses resulting from mutual negligence, neither party can recover, and the law leaves them where it finds them."
2. "I charge you further that when one negligently places himself in a position of peril and such perilous condition becomes known to another, that it then becomes the duty of such other to use reasonable care and caution to avoid injury to the one found in such perilous condition, it being recognized by law, however, that one being suddenly confronted with a dangerous or perilous situation is not required to exercise a greater degree of care or caution than the exigencies of the situation permit. One required to act quickly is not supposed to act with the judgment of one who can deliberate."
3. "I therefore charge you that if you believe from the evidence in this cause that the motor of the truck was running and could be heard by the plaintiff's husband, or if the ice in the truck was making any noise and could have been heard by the plaintiff's husband, then it was his duty under the law to hear these things and to take such action for his own protection and safety as the circumstances required or permitted, and if he failed in this regard, then he is guilty of contributory negligence and it is your duty to return a verdict of not guilty."
The first of these charges brings into focus the question of remote or comparative negligence and could have had none other than a confusing effect on the jury. The second of these charges introduces the doctrine *188 of "last clear chance" which is without basis in the proof. The third charge suggests the consideration of matters that were not in evidence. We have heretofore pointed out that Green was on the premises for a proper and lawful purpose. It may be admitted that defendant was also there for a lawful purpose but he was operating a dangerous instrumentality, he had a duty to look out for pedestrians and these charges failed to place that duty in proper focus. They also failed to put the locus in quo and the law governing the case as pointed out in focus.
The failure of the charges might have been corrected by giving some of those requested by the plaintiff, particularly her requested charge seven. The evidence shows that the driver of defendant's truck could not see the platform because the back of the truck completely obstructed his view. He had no one to signal him, he did not use his rear view mirror, nor sound his horn, but drove his truck up to the platform and struck Green without taking any account of whether he or others were present. As much may be said of other instructions requested and refused but it becomes unnecessary to discuss them. What we have said in condemnation of charges is applicable only to the facts of this case. They would no doubt be good as applied to appropriate factual conditions. The ice house was in a rural area but the noise of the highway, the service station and other noises made it necessary that the movement of the truck take them into account.
Whether or not the injury received September 1, 1949, was the proximate cause of Green's death was likewise a jury question that should have been submitted with appropriate instructions. As to the last question charging error in refusing to admit in evidence a certain photograph, we think this was a discretionary matter for which we decline to find the court in error, though we see no harm it could have done.
For the errors pointed out the judgment is reversed and a new trial is awarded.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.

ON REHEARING
PER CURIAM.
On rehearing granted, we have carefully re-considered the record and briefs filed in this cause and have again heard the able argument of counsel at the bar of this court. It is our opinion that we should adhere to our former decision in this matter as revised.
It is so ordered.
TERRELL, ROBERTS and MATHEWS, JJ., and GORDON, Associate Justice, concur.
SEBRING, C.J., and THOMAS and HOBSON, JJ., dissent.