MAXWELL, OLIVER C., Associate Judge.
This is an appeal from a summary judgment in favor of defendant appellees in an automobile collision case. The summary judgment was entered upon the pleadings, photographs, interrogatories, answers to requests for admissions, affidavits and depositions. There 'is considerable conflict in the stories as told by appellants and appel-lees. The accident occurred on Bahia Vista Street at a point where Herndon Road, a shell or dirt road intersects with Bahia Vista Street to form a T. The appellants contend that they were driving east on Bahia Vista after dark on March 12, 1960 approaching the intersection of Flerndon Road intending to make a left turn on Herndon Road; that at this point there were two yellow lines down the middle of Bahia Vista Street; that the appellant, Gordon L. Delevis flashed his tail lights and slowed down to make his left turn, looked in his rear view mirror to see if anything was approaching and saw nothing; proceeded to make his left turn and was approximately halfway off Bahia Vista when his vehicle was struck on the left rear fender behind the left rear wheel by appellees car which was then in the left or west bound lane of Bahia Vista traffic. There was no automatic turn indicator on appellants car and he did not give a hand signal for a left turn.
According to appellees’ version there was no flashing of tail lights and their car was passing appellants when appellants’ car suddenly turned in front of appellees’ car. There is considerable conflict in the factual situation as seen by appellants and appel-lees.
The trial judge entered a summary judgment finding that the appellants’ vehicle was not equipped with automatic turn signals and that appellant did not give an arm signal or his intention to turn left as required by F.S. §§ 317.37 and 317.39, F.S.A.; that there was no evidence to show the double yellow lines were visible at night; that appellant knew of the existence of the “no passing” lines but also knew they were in front of a school which had been abandoned ; and that appellant had responsibility of anticipating a person might be approaching from the rear and had the responsibility of giving the proper left turn signal. The Court in essence ruled that the failure to give the left hand signal within the last 100 feet traveled before turning was a violation of Florida Statutes, § 317.37, F.S.A., and that the violation “is a prima facie case of negligence against the plaintiff and coupled with the findings as expressed in this summary judgment is an act of negligence which will bar the plaintiffs from recovering in this case.” The Court declined *785 to pass on the negligence of the defendant and granted the motion for summary judgment against the plaintiffs.
The appellants contend (1) that the Court erred because there were issues of disputed facts as to the physical facts surrounding the accident; (2) in disregarding the doctrine of last clear chance; (3) in holding, as a matter of law, that appellants were contributorily negligent to an extent barring them from recovery and (4) in ignoring the duty and obligation of appellee to operate his automobile so as to stop within the range of his vision.
The appellee filed cross-assignments of error charging that the Court erred (1) in failing to hold that appellants failure to give the left turn signal was negligence as a matter of law (2) in concluding that there was a “no passing zone” and (3) in concluding that the double lines meant a no passing zone.
Notwithstanding appellees first assignment of error it appears from a study of the record as a whole that the trial judge did conclude that appellants failure to give a left hand signal was contributory negligence as a matter of law sufficient to bar recovery. In this conclusion the trial judge erred. Since Allen v. Hooper (1937), 126 Fla. 458, 171 So. 513, the Florida appellate Courts have consistently held that the violation of a traffic law does not constitute per se negligence but is prima facie evidence of negligence which may be overcome by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction. C. W. Zaring & Co. v. Dennis (1944) 155 Fla. 150, 19 So.2d 701; Clark v. Sumner (Fla.1954) 72 So.2d 375; Gudath v. Culp Lumber Co. (Fla.1955) 81 So.2d 742, 53 A.L.R. 2d 846; Morrison v. C. J. Jones Lumber Co. (Fla.App. Second District 1961) 126 So.2d 895.
The summary judgment in this case was entered on June 14, 1961. Since that date two opinions have been written by appellate Courts of Florida which bear directly upon the summary judgment entered in this case. In Foster v. Gulfstream Press Inc. (Fla. Third District, November 30, 1961) 134 So. 2d 270, the Court said:
“The function of the court under the summary judgment procedure is to determine whether there exists any genuine issue of material fact, not to decide such issues. * * * This rule is applied with particular caution in negligence cases which are extremely troublesome due to the varied fact situations which they present. * * * In Buck v. Hardy, supra, this Court, citing 6 Moore’s Federal Practice (2d Ed.) said:
“Issues of negligence, including such related issues of contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved in the ordinary manner.”
“Where the case is close on these issues, doubt should always be resolved in favor of a jury trial.”
See also Radice v. Morris (Fla.App. Second District, November 29, 1961) 135 So. 2d 231.
Had the jury believed the account of appellants, including the existence of the “no passing lines” an issue under last clear chance could well have been pertinent. James v. Keene (Fla.App.1961) 133 So.2d 297.
For the reasons stated the summary judgment against appellants and for appellees is reversed and the cause remanded for proceedings not inconsistent with this opinion.
ALLEN, Acting C. J., and WHITE, J., concur.