172 So.2d 246 (1965)
Jacob S. MARTIN, d/b/a J.S. Martin Construction Company, Appellant,
v.
HIGHWAY EQUIPMENT SUPPLY COMPANY, Inc., a Florida corporation, Appellee.
No. 5554.
District Court of Appeal of Florida. Second District.
February 24, 1965.
Mateer, Colling & Young, Orlando, for appellant.
Smith, Sheldon & Smith, Orlando, for appellee.
BARNS, PAUL D., Associate Judge.
This is an appeal from a final judgment of dismissal of appellant's complaint, based on defendant's motion to dismiss. We affirm.
*247 The complaint alleges that the oral understanding between the plaintiff and defendant was that defendant would lease certain equipment to the plaintiff at $1,000.00 per month rental; that at the end of five months performance by the plaintiff the defendant would sell the equipment to the plaintiff for $31,000.00 toward which purchase price all the previous payments of rental would be credited.
Plaintiff's complaint further alleges that pursuant to their previous oral understanding the plaintiff and defendant in part performance of the oral understanding entered into a written lease agreement on or about January 30, 1961, for the equipment at the rental as previously agreed, to-wit: $1,000.00 per month; that plaintiff, in June, 1961, attempted to protect his rights under the oral agreement by tendering to the defendant an amount of money equal to the difference between the rental paid and the agreed purchase price, which tender was refused. (The amount tendered is not stated.); and, that the defendant refused to honor the entire oral agreement and forced plaintiff to give up the equipment on or about May 10, 1963.
Plaintiff's complaint sounds in damages for a breach of the oral portion of the understanding reached by the parties before the execution and delivery of the written lease. Plaintiff claims that the oral agreement bearing on his right to purchase was an inducement to him to enter into the written lease agreement. The language of the complaint in this respect is:
"* * * As further inducement and consideration offered by defendant to the plaintiff to persuade plaintiff to enter into said lease agreement, * * * in the alternative and at plaintiff's option, defendant promised to enter into a contract of sale of said crane and associated equipment after said five (5) months performance under the proposed lease agreement for the same purchase price set forth above and that all prior monthly payments would be applied as a credit to plaintiff towards the aforementioned purchase price and that upon the total of all such monthly rental paymetns [sic] reaching the sum of Thirty-One Thousand ($31,000.00) Dollars, defendant would convey title to the said crane and associated equipment to the plaintiff and plaintiff agreed to enter into said lease and purchase agreement."
Plaintiff's complaint states that the agreement for the sale of the equipment was oral and fails to allege anything that would remove the agreement from being within the application of the statute of frauds relating to the sale of personal property. The statute, viz., Section 725.02, F.S.A. reads:

"Contracts to sell personalty. No contract for the sale of any personal property, goods, wares or merchandise shall be good, unless the buyer shall accept the goods (or part of them) so sold and actually receive the same, or give something in earnest to bind the bargain or in part payment, or some note or memorandum in writing of the said bargain or contract be made and signed by the parties to be charged by such contract, or their agents thereunto lawfully authorized."
When the complaint affirmatively shows that the claim is based on an oral contract, the defense of the statute of frauds may be raised by a defendant by motion to dismiss under Rule 1.11(b), Rules of Civil Procedure, 30 F.S.A., which rule provides that the defense of "(6) failure to state a cause of action" may be made by motion. Rule 1.11(b) is like Rule 12(b), Federal Rules of Civil Procedure, except that clause (6) of the federal rule reads "(6) failure of the pleading to state a claim upon which relief can be granted," which language of the federal rule is nothing more or less than the definition of a "cause of action." Both rules mean the same.
*248 Volume 2 Moore's Federal Practice, 2nd Ed., § 12.08, p. 2245, states: "`A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law supporting a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.'" Since plaintiff's alleged oral contract comes within the scope of the statute of frauds, supra, it is "not good;" the statement of the claim discloses that the contract relied upon is oral, which disclosure necessarily defeats the claim. If the complaint had merely alleged the contract without disclosing whether it was oral or written, then with a liberal construction of the complaint, on motion to dismiss, the court could not rightfully hold that it failed to state a claim on which relief could be granted and it would have been error to have sustained the motion to dismiss. As stated by Moore, supra, "But a claim should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Rule 8(c), Rules of Civil Procedure, requires that a party in pleading to a preceding pleading shall set forth affirmatively the defense of the statute of frauds, but Rule 1.11(b) and Rule 8(c) are not mutually exclusive in application.
The plaintiff's action is not for rescission based on fraud, nor for reformation because of accident or mistake, nor for cancellation on the ground that the parties have not actually made a contract, in which actions the "parole evidence rule" would not apply and competent oral and written evidence would be admissible to establish the truth. 3 Corbin on Contracts, p. 357-359. Plaintiff's action is on an oral agreement and on a hearing on the motion to dismiss the well-pleaded allegations of the complaint and are taken as true, but the statute of frauds says the contract is "not good." Plaintiff is not seeking to vary the terms of the written lease, but seeks affirmative relief on the "not good" oral understanding which has not been integrated into an effective contract.
Affirmed.
ALLEN, Acting C.J., and ANDREWS, J., concur.