SHANNON, Judge.
The plaintiff appeals a summary judgment entered in favor of the defendant in a suit arising out of an automobile accident.
Viewing the facts in a ’light most favorable to the nonmoving party, which is necessary on a motion for summary judgment, we find that the record discloses the following situation. The plaintiff had been following the defendant along a two lane road for about one to two miles at a speed of about 40 miles per hour, and when the defendant diminished his speed, the plaintiff attempted to pass. When the plaintiff was alongside the defendant, the defendant suddenly attempted to turn' left into a private driveway and a collision occurred. The plaintiff alleges he sounded his horn, put on his directional signal, and ascertained that the defendant did not indicate in any manner that he was turning, before plaintiff attempted to pass the defendant
*428 Th.e defendant alleges lie looked- into life rear view mirror, saw no one behind him, and put on his directional signal before he turned. The plaintiff admits he was driving about 45 miles per hour when he passed, and it is not disputed that this was a business or residential thoroughfare on which the speed limit was 30 miles per hour.
On these facts the lower court entered a summary judgment for the defendant, stating:
“Upon consideration of the pleadings, affidavits and depositions on file, while there are areas of disagreement in the testimony before the Court, there exists uncontradicted testimony which demonstrates that the plaintiff was guilty of contributory negligence in the manner in which he undertook to pass defendant’s vehicle, which proximately caused the accident sued upon, in that the plaintiff Michalski attempted to pass the defendant Peaslee’s vehicle at - a rate of speed in excess of the lawful speed limit, even though the plaintiff, prior to attempting to pass, for several yards noticed defendant’s vehicle gradually slowing down. The Court further finds that the defendant Peaslee had a right to turn, as indicated by the record, and that, therefore, plaintiff’s action in attempting to pass defendant’s vehicle contributed to the accident. * * * ”
It is well settled in Florida that the violation of a traffic law is not negligence per se, but is prima facie evidence of negligence which may be overcome by proof of surrounding circumstances. See Delevis v. Trover, Fla.App.1962, 142 So.2d 783, and cases cited therein.
Assuming, arguendo, that the plaintiff’s speeding was negligence, it still cannot be held as a- matter of law that this negligence proximately caused the accident. In ruling as it did, the lower court, in effect, has held that this accident would not. have occurred if the plaintiff had been driving 30 miles per hour rather than 45 miles per hour. The facts are certainly in conflict. If, as the plaintiff alleges, the defendant gave no indication that he was turning, it is quite possible that the accident would have occurred regardless of the speed of the plaintiff. Where reasonable minds could differ, questions of proximate cause are for the jury, and therefore the summary judgment must be reversed.
The plaintiff also argues that the lower court erred in refusing to grant his motion for summary judgment. The facts show this contention to be without merit.
Reversed.
ALLEN, Acting C. J., and WHITE, J., concur.