WIGGINTON, Acting Chief Judge.
Plaintiff has appealed a final judgment dismissing with prejudice his second amended complaint for failure to state a cause of action. He contends that a cause of action was adequately pleaded by his complaint, and the court erred in holding it insufficient as a matter of law.
The allegations of plaintiff’s complaint may be summarized as follows. Plaintiff was operating his passenger automobile during the nighttime in an easterly direction over a two-lane bridge on State Road 20 spanning the Apalachicola River between Blountstown and Bristol. While traversing the bridge plaintiff’s vehicle collided with an automobile owned by defendant which was parked on the bridge in the easterly traffic lane. Shortly prior to the collision defendant was driving her automobile in an easterly direction across the bridge when it became disabled. As a result, she abandoned it, leaving it parked on the bridge without lights or other warning devices. After abandoning her vehicle defendant proceeded to Bristol where she and her daughter were employed, and after relating the circumstances concerning the condition of her automobile, contented herself with the assurance of her daughter that she would notify the county sheriff about the situation. Defendant failed to take any other action toward removing her automobile from its parked position on the bridge, or to provide means of warning other motorists of its presence there. Defendant was negligent in abandoning her vehicle on the bridge without leaving its lights burning or providing adequate warning to other motorists, and with failing to have taken proper steps to remove her vehicle from the bridge after having a reasonable opportunity to do so. As a direct and proximate result of defendant’s negligence plaintiff was injured and suffered the damages claimed by his complaint
It has long been the law of this state that a motor vehicle is considered a *328 dangerous instrumentality imposing on its owner liability for its negligent operation.[1] The common-law liability of the owner of a motor vehicle for damages suffered by others as a proximate result of the owner stopping his vehicle on a public road or highway during the nighttime without lights or other adequate warning to other motorists using the highway has been the subject of extensive litigation. The obligation of the owner of a motor vehicle is summarized by the editor of American Law Reports, Annotated, as follows:
“There is no doubt as to the existence of a duty, on the part of one leaving a motor vehicle parked or standing in the public road or highway at night to display thereon lights sufficient to announce its presence to others using the way, at least in the absence of adequate illumination from other sources. The common-law duty of using reasonable care has been held to require that parked vehicles be lighted during the hours of darkness, and, in most jurisdictions, the duty has been made explicit in the statutes. Statutory provisions requiring lights to be displayed on vehicles ‘used’ or ‘operated’ at night have generally been held to require lights to be displayed on parked vehicles.” [2]
Following the foregoing statement are extensive annotations supporting the statement of the editor, which decisions appear to represent the majority view in this country.
The Florida statutes require that every motor vehicle operated upon the highways of this state during the nighttime shall display lights in both the front and rear, the rear lamp to be clearly discernible for a distance of at least 500 feet.[3] The statute further prohibits the operator of any motor vehicle from stopping, parking, or leaving the vehicle standing upon the paved or main traveled part of a highway, whether attended or unattended, when it is practical to stop, park, or leave the vehicle off such part of the highway.[4] It is the established law of this state that:
“The violation of a traffic law is prima facie evidence of negligence, but such evidence may be overcome by proof of surrounding circumstances and conditions which eliminate the character of negligence from the transaction. Therefore, when it is shown that a traffic law has been violated, it is a question for the jury to determine from all the facts and circumstances whether or not the prima facie evidence of negligence is overcome by other evidence of existing facts and circumstances. An instruction that if the jury find from the evidence that the defendant violated any of the state laws it might consider this fact as bearing upon the showing of negligence on the part of the defendant was proper.” [5]
From the foregoing authorities we conclude that the amended complaint filed by plaintiff states a cause of action sufficient to withstand the motion to dismiss filed by defendant.
In support of the judgment appealed ap-pellee points to that part of Section 317.44(1) mentioned above which excuses the operator of a motor vehicle from stopping or parking it on a highway if it is not practical to stop, park, or leave it off of the highway. Appellee argues that since the complaint alleged that defendant’s automobile was disabled, this allegation was tantamount to an assertion that it was impractical for defendant to have parked or left her vehicle at a position off of the bridge. We *329 fail to find any allegation in the complaint which either directly or by inference could he said to support this contention.
Appellee furthermore points to subpara-graph 2 of Section 317.44 which provides that the prohibition against stopping or leaving a motor vehicle on a public highway shall not apply to a disabled vehicle if it is disabled to such an extent that it is impossible to avoid stopping and temporarily leaving it in a position on the main or traveled portion of the highway. There are no allegations in the complaint which purport to state the nature or extent of the disability suffered by defendant’s automobile, so it cannot be said that the complaint affirmatively reveals that it was impossible to avoid stopping and temporarily leaving her disabled vehicle on the highway as condoned by the statute. Nor does the complaint contain allegations from which it might be inferred that the vehicle’s disability so affected the ignition system as to render it impossible for defendant to have left the lights on the vehicle burning when she abandoned it on the bridge.
Appellee attempts to analogize the factual situation in the case sub judice with that present in Bond v. Palm Beach Landscape Co.[6] Since the Supreme Court decided that case by a memorandum decision without an opinion, it is impossible to tell just what the factual situation was which persuaded the court to affirm the judgment appealed. From the dissenting opinion it appears that plaintiff’s vehicle had collided with a truck owned by defendant which was stopped on a highway at four fifteen o’clock in broad open daylight. The complaint alleged that the collision with defendant’s vehicle resulted from the latter’s negligence in stopping its truck on the highway. Apparently the trial court, as well as a majority of the Supreme Court, found that plaintiff was precluded from recovering because the complaint revealed that plaintiff was guilty of contributory negligence as a matter of law. This decision was rendered prior to the adoption of our present rules-of procedure by which contributory negligence is denominated as an affirmative defense which must be pleaded,[7] and which may not be asserted as a ground for a motion to dismiss a complaint.[8]
Appellee also seeks refuge in the case of Petroleum Carrier Corp. v. Robbins[9] in which a motor vehicle driven by plaintiff collided with a truck which was owned and operated by defendant’s employee and was stopped in a parked position partly on the highway. The Supreme Court commented that although it may be stated that the operator of defendant’s truck may not have been justified in parking it as he did, and that the warning lights placed by him in the front and rear of his vehicle were not the kind or at the distance required by statute, nevertheless the evidence adduced at the trial affirmatively established that plaintiff was guilty of contributory negligence as a matter of law, and thereby was precluded from recovering the damages he sought. Since the court turned its decision on the issue of plaintiff’s contributory negligence, it necessarily found as a prerequisite to such consideration that defendant’s acts constituted negligence in the first instance. Appellee’s contention that the allegations of the complaint in the case sub judice reveal that plaintiff was guilty of contributory negligence as a matter of law cannot be sustained. Even if such facts appeared from the allegations of the complaint, such contributory negligence would be a defense which could only be asserted by defendant in a proper pleading to be *330 filed by her, and not as a ground for a motion to dismiss the complaint.[10]
Lastly, appellee argues that even if she was negligent in parking her vehicle on the bridge without lights or other warning devices to indicate its presence there, such act was not the proximate cause of the collision in which plaintiff was injured. To support this position appellee cites the decision rendered by this court in Sims v. Apperson Chemicals, Inc.,[11] which involved a collision on a street inside the city of Jacksonville in which an automobile <driven by plaintiff collided with the rear 'O'f a truck owned by defendant which had been parked at the curb in front of the apartment house where defendant’s operator of the truck resided. The distinction between the Sims case and the one sub judice is that in Sims the defendant’s vehicle was parked at the curb on a straight city street at a place where it had a right to be and not in violation of any statute, ordinance, or common-law obligation. In the case before us the complaint alleges that appellee parked her car where it had no right to be, and in violation of not only a common-law obligation but a statutory duty. There are no facts alleged in the complaint which reveal the location of defendant’s vehicle «on the bridge in relation to curves, rises, dips, or other obstructions which would have affected plaintiff’s ability to see it in time to have prevented the collision. Furthermore, the decision in Sims was premised upon the evidence adduced at the trial, and not on the insufficiency of pleadings filed in the cause. We therefore do not consider the Sims case applicable or pertinent to the case sub judice.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for further proceedings.
CARROLL, DONALD J., and SACK, JJ., concur.

. Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255.

. Annot., 21 A.L.R.2d 95 at 98.

. F.S. §§ 317.46(1), 317.47(1), 317.48(1) (2), F.S.A.

. F.S. § 317.44(1), F.S.A.

. 3 Fla.Jur. 563-564, Automobiles and Other Motor Vehicles § 94.

. Bond v. Palm Beach Landscape Co., (1948) 160 Fla. 933, 37 So.2d 536.

. Rule 1.8(d), Fla.Rules of Civil Procedure, 30 F.S.A.

. Fletcher v. Williams, (Fla.App.1963) 153 So.2d 759.

. Petroleum Carrier Corp. v. Robbins, (Fla.1951) 52 So.2d 666.

. Fletcher v. Williams, supra note 8.

. Sims v. Apperson Chemicals, Inc., (Fla.App.1966) 185 So.2d 179.