200 So.2d 800 (1967)
Drucilla Ingram HAWKINS, Petitioner,
v.
James E. WILLIAMS, Respondent.
No. 36001.
Supreme Court of Florida.
June 28, 1967.
*801 Ernest W. Welch, of Isler & Welch, Panama City, for petitioner.
Marvin A. Urquhart, Jr., of Davenport, Johnston, Harris & Urquhart, Panama City, for respondent.
O'CONNELL, Justice.
Petitoner Hawkins seeks review by petition for writ of certiorari of that decision of the District Court of Appeal, First District, reported at 192 So.2d 326 (Fla.App. 1966).
In the opinion under attack, Judge Wigginton writing for that court said:
"Appellee's contention that the allegations of the complaint in the case sub judice reveal that plaintiff was guilty of contributory negligence as a matter of law cannot be sustained. Even if such facts appeared from the allegations of the complaint, such contributory negligence would be a defense which could only be asserted by defendant in a proper pleading to be filed by her, and not as a ground for a motion to dismiss the complaint." 192 So.2d at page 329.
Fletcher v. Williams, Fla.App. 1963, 153 So.2d 759, was cited as authority for the quoted statement.
Petitioner argues that the quoted statement is in direct conflict with the decisions of the District Court of Appeal, Second District, in Martin v. Highway Equipment Supply Company, Fla.App. 1965, 172 So.2d 246, and Jackson Grain Company v. Kemp, Fla.App. 1965, 177 So.2d 513, and with the decision of this court in Faulk v. Parrish, Fla. 1952, 58 So.2d 523. Respondent does not deny the conflict in opinions but argues that the quoted statement is obiter dictum. Respondent is correct. The statement is obiter dictum. Nevertheless, in Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611, a majority of this court determined that obiter dictum was sufficient to create conflict in decisions necessary to invoke our jurisdiction. We therefore have jurisdiction.
Fletcher v. Williams, supra, cited by Judge Wigginton, held that the defense of statute of frauds could not be raised on motion to dismiss, but could be asserted only in an answer pursuant to Rule 1.8(d), 1954 Rules of Civil Procedure, 30 F.S.A. For this holding he relied on statements in Tuggle v. Maddox, Fla. 1952, 60 So.2d 158 and Proctor v. Schomberg, Fla. 1953, 63 So.2d 68.
However, in the Martin case, supra, the District Court of Appeal, Second District, for reasons explained therein, held that the defense of statute of frauds could be utilized on motion to dismiss. In the Jackson *802 Grain Company case, supra, the same district court discussed the holding in Fletcher v. Williams, supra, and refused to follow it holding instead that such a defense could be raised on motion to dismiss under the circumstances present in that case.
Of the decisions cited thus far in this opinion only Faulk v. Parrish, supra, involved the defense of contributory negligence. Nevertheless, because contributory negligence is listed in former F.R.C.P. 1.8 (d) along with the defenses discussed in the other cited cases we think they are relevant.
As we understand the opinions in the Martin and Jackson Grain Company cases and the one in Faulk, supra, they simply hold that a complaint which shows on its face a defect or facts which will clearly and certainly defeat the claim for relief, i.e., that plaintiff would not be entitled to the relief prayed under any set of facts he could prove in support of the complaint, the effect can be reached by motion to dismiss for failure to state a cause of action. And it matters not that the defect or fact which appears on the face of the complaint would otherwise have to have been raised by the answer of the defendant as an affirmative defense.
In the F.R.C.P. effective January 1, 1967 the conflict above discussed was recognized and a remedy provided. Rule 1.110 (d) now permits "affirmative defenses appearing on the face of a prior pleading" to be asserted as grounds for a motion or defense under Rule 1.140(b). This opinion therefore holds what the new rules now provide, but the old rules did not.
For the above reasons the quoted portion of the decision under attack is expunged.
We have carefully considered the merits of the cause and agree with the district court that the complaint in this cause states a cause of action.
As modified by this opinion the opinion of the district court is approved.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.