PIERCE, Judge.
In this case appellant Joseph M. Holland, plaintiff in the Court below, appeals a final judgment rendered pursuant to a jury verdict for the above named appellees, defendants below, in a suit involving personal injuries to plaintiff resulting from an automobile accident.
The accident and resultant injuries to plaintiff occurred when defendant Lonnie H. Watson violated an ordinance of St. Petersburg by running over a stop sign at an intersection.
The facts developed at the trial demonstrated that plaintiff was free of any negligence at the time of the accident, and therefore there was no contributory negligence on his part; in fact respective counsel for all parties stipulated there was no such issue in the case. The plaintiff’s motion for directed verdict during the trial was denied and, after jury verdict granting him no damages, the motion for new trial was likewise denied.
Plaintiff contends here that the jury verdict was erroneous and judgment should not have been entered thereon because, as a matter of law, he was entitled to some amount of damages, certainly his medical expenses, because liability was in effect admitted. We agree, and reverse the case on the issue of damages only.
The accident occurred on September 1, 1966, at the corner of 38th Avenue and 40th Street in St. Petersburg. Plaintiff was travelling on 38th Avenue, which was a *499 through Street, with stop signs posted on both sides where 40th Street enters. It was about midday, the weather was clear, and both streets were level and straight. Plaintiff was travelling slowly about thirty miles an hour. Defendant Watson approached on 40th Street, stopped at the stop sign, then pulled out into 38th Avenue directly in front of plaintiff’s car. Plaintiff applied his brakes but was unable to avoid the collision. The parties stipulated there was no contributory negligence on the part of plaintiff.
A City Ordinance was recognized by the Court and read to the jury, requiring all motorists approaching such stop sign to stop in obedience thereto and to “proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard”. While a traffic violation does not constitute negligence per se, it is prima facie evidence of negligence, which may not be overcome except “by proof of surrounding circumstances and conditions which will eliminate the character of negligence from the transaction”. Delevis v. Troyer, Fla.App.1962, 142 So.2d 783; Michalski v. Peaslee, Fla.App. 1965, 174 So.2d 427.
No evidence was offered on behalf of defendants to rebut the inference of negligence by Watson. There were no “surrounding circumstances and conditions” which would extenuate the negligence of defendant Watson.
The evidence showed no extensive injuries to Holland, but his minor injuries had at least some value, however small; also there was a right of reimbursement for medical expenses. The trial Court denied Holland’s motion for directed verdict on the issue of liability and also denied his motion for new trial.
Plaintiff contends here that he was entitled to monetary damages in some amount, as a matter of law, where liability is definitely established and there were at least nominal injuries and expense. We have on many occasions recognized the broad discretion vested in the trial Courts in ruling upon motions for new trial, but such is not an unlimited discretion. And where the jury had returned a palpably erroneous finding in its verdict, a new trial should have been granted where some assessment of damages could be made.
We therefore reverse the judgment appealed and remand the case for trial on the issue of damages only.
Reversed and remanded.
ALLEN, A. C. J., and HOBSON, J., concur.