262 So.2d 280 (1972)
ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY and Howell H. Abrams, Appellants,
v.
Hazel BURLISON and Ruth Marie Rouse, Appellees.
No. P-262.
District Court of Appeal of Florida, First District.
May 2, 1972.
Rehearing Denied June 2, 1972.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Wilmer H. Mitchell, of Holsberry, Emmanuel, Sheppard, Mitchell & Condon, Pensacola, for appellees.
SPECTOR, Chief Judge.
Appellant railroad seeks reversal of an adverse jury verdict in an action for damages sustained by appellees in a railroad crossing accident.
Appellant has raised a number of questions in respect of which it contends that error was committed in the trial court. Perhaps the most prominent issue raised rests on appellant's contention that there was no evidence upon which the jury could find that the defendant railroad was negligent. We do not agree. Evidence was adduced *281 at the trial which would support a finding that the appellant had failed to observe signalization procedures conforming to the recommended practices for railroad highway grade crossing protection adopted by the Association of American Railroads. Evidence showed that there were three westbound traffic lanes approaching the railroad crossing where the accident occurred. Also in evidence was a bulletin of the Crossing Protection Subcommittee of the American Association of Railroads which set out the latest recommended practices for protection at railroad highway grade crossings. This bulletin recommends that a signal light cantilevered over the center lane be used when there are three or more lanes of traffic.
The evidence adduced concerning recommended signalization and defendant's failure to provide the recommended signalization is, standing alone, sufficient evidence upon which the jury's finding of negligence can rest. We do not hold that failure to conform one's own practices with those generally recognized by an industry safety council or committee is negligence per se. We hold merely that evidence of noncompliance can be considered by the jury which may, but need not, find negligence as a result of the failure to follow a generally recognized safety rule.
This court has previously held that violation of safety rules was admissible in evidence to show what a reasonable and prudent person might provide, Scott v. Midyette-Moor, Inc., 221 So.2d 178 (Fla. App. 1969); Alford v. Meyer, 201 So.2d 489 (Fla.App. 1967).
We can assume that in promulgating the safety rule in question, the American Association of Railroads consulted with leading experts in the field of railroad highway crossings and garnered from their facts and recommendations an acceptable standard of conduct tending to preserve the safety of the highway using public, evolving standards with which an operating railroad could conform without unduly restricting its operational or fiscal capacities.
We have considered the remainder of the questions raised by appellant and find them to be substantially without merit.
Accordingly, the judgment reviewed herein is affirmed.
WIGGINTON and JOHNSON, JJ., concur.