McCAIN, DAVID L.,
Associate Judge, dissents, with opinion:
I must respectfully dissent from the majority herein.
The retrial below was conducted before a judge of the Palm Beach County Circuit Court sitting without a jury. Portions of the transcript of the first trial were admitted by stipulation of the litigants, and my treatment of the testimony and the evidence will be made without reference to whether it was stipulated, or appeared fresh in the retrial. The collision occurred within the city limits of West Palm Beach, Florida; all other pertinent facts appear in the body of my dissent. The litigants will be referred to as plaintiff and defendant, according to their status below.
At the outset, I am concerned with the language used by the Circuit Court in announcing its final judgment on retrial. In part, the Court stated:
“At this point, close of evidence, the Court became the trier of fact and occupied the position of a jury. It then became the Court’s function to weigh the evidence and determine its credibility. This has been done and the Court concludes that the greater weight of the evidence does not support the claim of the Plaintiff. The Court further concludes that the greater weight of the evidence does support Defendant’s defense of contributory negligence thus barring his claim under the present holding of the Supreme Court of Florida.”
*463 A ruling that the plaintiff has failed to demonstrate negligence by a preponderance of the evidence is inconsistent with a ruling that an affirmative defense is deemed successful. A pleading of this defense constitutes an admission of negligence in the form of a confession and an avoidance. Not only is this so, but affirmative defenses are considered only when the greater weight of evidence supports the plaintiff; only then does it become appropriate to consider defenses so as to determine if the greater weight of the evidence supports the defense. Green v. Atlantic Co., Fla.1952, 61 So.2d 185; 23 Fla.Jur. Negligence § 110. I cannot construe the court’s finding to be in the alternative. If so, it would have been an easy matter to set forth.
If this inconsistency stood alone, I would consider simply remanding for further consideration. However, as this case is postured, it is evident to me that: (a) plaintiff has proved his case by a preponderance of the evidence; (b) the defendant did not meet its burden of proving contributory negligence by a preponderance of the evidence; (c) the actions of the defendant were sufficient under the totality of the circumstances to justify a characterization of “wilful, wanton, and reckless misconduct”.
The issue of plaintiff’s proof by a preponderance of the evidence is inherently discussed in connection with the last point regarding defendant’s misconduct, and therefore need not be treated separately. Accordingly, I first examine defendant’s burden of proving contributory negligence by a preponderance of the evidence. The doctrine of contributory negligence was again made applicable to railroad crossing cases when the Florida Supreme Court declared Fla.Stat. § 768.06 (1965), F.S.A., the railroad comparative negligence statute, unconstitutional in Georgia Southern & Florida Ry. Co. v. Seven-Up Bott. Co., Fla.1965, 175 So.2d 39. Sanders v. Florida East Coast Ry. Co., Fla.App.1968, 216 So. 2d 49; Seaboard Coastline R. Co. v. Scud-der, Fla.App.1968, 215 So.2d 760. Under this doctrine, the defendant must prove the defense by a preponderance of the evidence. C. W. Zaring & Co. v. Dennis, 1944, 155 Fla. 150, 19 So.2d 701. In speaking of this burden, the Florida Supreme Court said in Green v. Atlantic Co., supra, 61 So.2d at 186:
“This Court is committed to the doctrine that the plea of contributory negligence not only admits negligence on the part of the defendant but places on him the burden of proving his plea. He must show that the plaintiff failed to exercise reasonable care for his safety or that he unduly exposed himself to danger and that his failure to do this was responsible for his injury . . .”
See also Nelson v. Ziegler, Fla.1956, 89 So.2d 780.
Here the only evidence presented by the railroad was, in effect, that plaintiff’s milk truck was hit on the tracks by a train that allegedly had its warning devices operating. On the other hand, plaintiff testified that he stopped at the crossing and proceeded only after he looked both ways. This was supported by a milk company supervisor, and another driver, who both testified that the condition of the approach to the crossing was known by all drivers to be uneven and bumpy; and further that they all knew that milk cartons would fall forward on the driver unless the crossing was approached with great caution. The train conductor testified that, as the train rounded a curve approaching the intersection, he saw plaintiff bring his truck to a halt before slowly moving on. A train fireman testified that plaintiff did not stop. Plaintiff also testified that he heard no horns or whistles, and saw no train lights. Additionally, Mr. and Mrs. James E. Carlton, a couple that had gotten up to feed farm animals at their home near the tracks, testified that they saw the train go by without noticing any warning signals or lights just before the collision. Members *464 of the train crew, on the other hand, said that all lights and signals were operating.
With the admission of negligence inherent in the plea of the affirmative defense, the defendant bore the responsibility announced in Green, supra, of demonstrating by a preponderance of the evidence that plaintiff was contributorily negligent. I do not think the defendant has met that burden, especially in light of the other factors which I will now consider.
First, I note that § 40-1 (1962) of the West Palm Beach, Florida, City Traffic Code, in effect at the time of the accident, required defendant to install automatic electric signal devices at the crossing, or alternatively, to provide a manned crossing gate. Notwithstanding the fact that this ordinance was in effect since 1948, fifteen years before the accident, the only warning at the crossing was in the form of a wooden cross-buck. Failure to comply with an ordinance of this nature is evidence of negligence, and the familiarity of a plaintiff with the fact that the crossing exists is of no consequence. Jones v. Florida East Coast R. Co., Fla.App.1969, 220 So.2d 922. Had proper traffic signals been installed in accord with the traffic code, plaintiff would have been alerted to the onrushing train, no matter how fast it was approaching. See also St. Louis-San Francisco Railway Company and Howell H. Abrams v. Burlison and Rouse, Fla.App.1972, 262 So.2d 280.
Second, I further note that Chapter 40, § 40-2 (1962), West Palm Beach Municipal Ordinance, relating to the speed of trains and in effect at the time of the accident, established the lawful speed limit for trains over the crossing at 30 miles per hour maximum. Although the train engineer and the conductor estimated their speed coming around the curve to be between 20 and 30 miles per hour, a consulting engineer determined by measurement of braking marks that the train was traveling between 40 and 50 miles per hour at the time of the collision. This estimate is supported by testimony of Mr. and Mrs. Carlton, that the train was moving fast. Living by the rails and accustomed to train traffic and speeds, this couple’s disinterested description of the speed of the train just prior to collision is highly significant. Again, violation of an ordinance of this nature is evidence of negligence. Jones v. Florida East Coast R. Co., supra.
Of course, contributory negligence is a proper defense in those cases where the defendant’s negligence consists of the violation of an ordinance not designed to protect a class of persons from their inability to exercise self-protective care. Richardson v. Fountain, Fla.App.1963, 134 So.2d 709. But the negligence on the part of the defendant evident here goes beyond a simple violation of ordinances. The totality of the circumstances involved raises the conduct of the defendant to the level of*' wilful, wanton and reckless misconduct. Our jurisprudence has long recognized that a characterization of this nature can arise out of a composite of lesser circumstances taken in combination; see, e. g., Hodges v. Helm, Fla. 1969, 222 So.2d 418.
Let us examine the composite presented here. The collision occurred in predawn darkness at that point in time when night merges into daybreak. In that semi-darkness, plaintiff brought his truck to a stop and looked both ways, before proceeding slowly across the tracks. At that point, the train rounded a curve and came onto the crossing at an unlawful speed determined to be between 40 and 50 miles per hour, a determination supported by disinterested witnesses, notwithstanding contrary testimony by some of the members of the train crew. Though the road was known to be heavily traveled, no proper warning signals as required by law were *465 stationed at the crossing. Taking together the limited visibility, the fact that the road was known to be heavily traveled, the fact that the approach to the crossing intersection was around a curve in the tracks, the fact that the train speed was excessive under prevailing conditions and under the controlling ordinance, and the fact that proper warning signals required by ordinance were disregarded, I find a composite evincing a wilful, wanton and reckless disregard for the safety of traffic, and particularly, for the safety of plaintiff. Even assuming that the train’s warning devices were operational, and disregarding testimony to the contrary, the speed of the train was sufficient to bring about a collision before plaintiff could have been aware of the presence of the onrushing train.
If plaintiff was negligent in any fashion, this negligence in no way contributed proximately to the cause of his own injury. See Nelson v. Ziegler, supra. Moreover, any issue of negligence on the part of plaintiff is removed from consideration under the facts of this case because contributory negligence is not a defense to wilful, wanton and reckless misconduct. Fla. Ry. Co. v. Dorsey, 1910, 59 Fla. 260, 52 So. 963; Fla. So. Ry. Co. v. Hirst, 1892, 30 Fla. 1, 11 So. 506; Johnson v. Rinesmith, Fla.App.1970, 238 So.2d 659 (on reh,).
In conclusion, I find that the trial court erred in finding that plaintiff did not meet the burden of proof required of him; that the trial court erred in finding that defendant had supported its affirmative defense with adequate proof; finally, that the trial court erred in not finding that defendant’s actions constituted wilful, wanton and reckless misconduct.
Accordingly, I would reverse the judgment appealed from and remand the cause for proceedings consistent with these views.