SHAFER, ROBERT T., Associate Judge.
Appellant Edith Barr Dunn, defendant/counterplaintiff below, appeals the trial judge’s order granting a new trial. We reverse.
Plaintiff Van Ostenbridge sued defendant Dunn for $6,334.64, representing the balance due on a construction contract under which the plaintiff was to construct two additional restrooms for defendant’s place of business. Defendant subsequently counterclaimed against the plaintiff, alleging that the plaintiff neither performed in a good and workmanlike manner nor within a reasonable amount of time. As a result, defendant alleged that she was required to spend large sums of money to complete the work that plaintiff had contracted to do.
Special interrogatories were submitted to the jury, which found that Van Osten-bridge had failed to substantially perform its obligations under the contract to construct the addition in a workmanlike manner, and reasonable correction of the defects and/or omissions would necessitate substantially tearing down and rebuilding the addition. The jury was instructed that, if it made the foregoing findings, the measure of damages would be the difference between the fair market value of the defective addition to the restaurant and the fair market value of the addition had it been constructed in accordance with the contract. The jury found damages of $15,-000.00.
The appellee contends on appeal, and apparently the trial judge agreed, that the jury had not been presented with any evidence that the value of the restaurant or the restrooms was in any way affected by the appellee’s lack of substantial compliance with the contract. On this point we disagree. The jury had before it the contract under which Van Ostenbridge was to build the two-bathroom addition to Dunn’s restaurant for $15,000.00. The jury also knew that Dunn had paid $10,000.00 toward the purchase price. Dunn also presented the testimony of a contractor, who stated that the defects could not be corrected without substantial demolition and rebuilding, which would cost between $28,000.00 and $30,000.00. From all of this evidence the jury could find, at least by inference, the fair market value of both the defective addition and a properly completed addition.
We arrive at this decision mindful that a trial judge has broad discretion to grant a new trial if he feels that the verdict is contrary to the manifest weight of the evidence. Cloud v. Fallís, 110 So.2d 669 (Fla.1959). But the court’s discretion in this context is not unlimited, Holland v. Watson, 215 So.2d 498 (Fla. 2d DCA 1968), and a jury verdict must stand if it bears a reasonable relationship to the amount of damages proven, Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla.1974). We hold that the judge abused his discretion in ordering a new trial.
Reversed and remanded for reinstatement of the jury verdict.
DANAHY, A.C.J., and SCHOONOVER, J., concur.