96 So.2d 127 (1957)
SEABOARD AIR LINE RAILROAD COMPANY, Appellant,
v.
Virgil BRADDOCK, Appellee.
SEABOARD AIR LINE RAILROAD COMPANY, Appellant,
v.
James M. BRADDOCK, Appellee.
Supreme Court of Florida, En Banc.
May 8, 1957.
Rehearing Denied July 11, 1957.
*128 Smathers, Thompson & Dyer, Miami, and Fleming, Scott & Botts, Jacksonville, for appellant.
Nichols, Gaither, Green, Frates & Beckham, William S. Frates, Walter H. Beckham, Jr., and Sam Daniels, Miami, for appellee.
PER CURIAM.
Affirmed.
TERRELL, C.J., and THOMAS, HOBSON, DREW, THORNAI and O'CONNELL, JJ., concur.
OGILVIE, Associate Justice, dissents.
CLAUDE OGILVIE, Associate Justice (dissenting).
These two suits arose out of a railroad crossing accident wherein child's leg was amputated below the knee. Father and child brought separate actions; and lower court granted new trials on sole ground of plaintiffs' refusal to enter remittiturs. This Court on the former appeals held that trial court was in error in its computation of amounts to be remitted; saying:
"* * * We are mindful that no ground will be considered on an appeal from an order granting a new trial except that designated in such order by the trial court as the ground upon which the motion is granted. * * *
"[Par. 9.] In view of the limited scope of review of orders granting new trials, the question of the excessiveness of the verdicts is neither decided nor precluded by this appeal." [80 So.2d 665.]
The lower court entered final judgments in favor of the plaintiffs according to mandates correcting the computations of remittiturs in the two cases. And from these final judgments the railroad company brings these appeals, raising questions that were not and could not be considered on the previous appeals. See 80 So.2d 662.
The jury awarded the eight and one-half year old boy $248,439 for the amputation of the leg below his knee; and in the father's suit for loss of services and medical expenses he was awarded a verdict of $6,500. The chief complaint by the railroad company is the excessiveness of the boy's verdict; and several charges of improper and highly inflammatory remarks by counsel for plaintiffs in the presence of the jury are cited for grounds of reversal.
In the opening statement before the jury, counsel for plaintiffs stated that "we are going to prove to you that not only were they negligent, but that the criminal negligence of this railroad * * * We are going to prove that their criminal negligence was responsible for this little boy losing his leg * * *". And again in his closing argument to the jury, over the objection of defendants, the plaintiffs' counsel repeated his charge that the railroad company was guilty of criminal negligence. As a ruling on the objection the trial judge merely told plaintiffs' counsel to "go ahead". And again, he did "go ahead" by saying at least twice more, "I repeat that in my opinion this railroad and their employes are guilty of criminal negligence". The complaint does not allege criminal negligence, nor does it allege any wilful or wanton act of negligence against the defendants; no punitive damages were sought.
Again, when plaintiffs' first witness was on the stand, railroad counsel objected to the introduction of a survey of the situs on the ground that it was not a faithful reproduction of the physical facts; and immediately following such objection, the following colloquy ensued:

*129 "Mr. Frates: Your Honor, I think that is one of the most absurd arguments I have ever heard. Unfortunately we did not know the accident was going to happen, although I can't say it is strictly true of the Seaboard. I don't know if they have a survey of that crossing or not."
"Mr. Julian: We object to that observation  the reflection on the Seaboard."
"Mr. Frates: This entire case is a reflection on the Seaboard."
"Mr. Julian: I would like for counsel to address his remarks to the Court."
The Court merely announced that the objection was sustained, but made no effort to charge the jury to not consider same.
Through the entire trial the record discloses numerous incidents between counsel wherein improper and prejudicial remarks were made in the presence of the jury in favor of the plaintiffs and against the defendants. More than once the trial court erred in not properly charging the jury to eradicate the matter from the minds of the jurors and that they should not consider the same. Even in instances where the trial court sustained objections, the matter was not sufficiently charged out of the minds of the jury; and on one or two occasions it could not possibly have been done due to the highly prejudicial nature of the matter. The verdict was not arrived at by the fair and unimpassioned deliberation of the jury  the verdict was influenced by an appeal to prejudice and sympathy. This Court on numerous occasions has reversed judgments because of such matters. Further exposition here is unnecessary; reference to this Court's decision in the following recent case will suffice. Seaboard Air Line Railroad Company v. Strickland, 88 So.2d 519.
During final argument of counsel for the plaintiff, James M. Braddock, a placard was used to visually present to the jury the several claims or items of damages requested in the verdict, in words and figures as follows (Exhibit A, p. 652, transcript):

 "Mike" Braddock
Age 9 Expectancy 56 years
Pain and Suffering to date 395 days
 Experience of accident 5,000.00
 Hospital 3/25-4/5/52 1,200.__
 First 30 days at home 300.__
 To date 353 days 700.__
Inability to Lead Normal Life
 3/25-5/31/52 crutches 340.__
 6/1-10/31/52 pylon 459.__
 11/1/52 to date artificial limb 348.__
Humiliation and Embarrassment 1,915.__
 _________
 10,262.__
 20.440 days Future 56 yrs.
Medical
 Checkup by doctor once a year 440.__
 Artificial legs 3,600.__
 Repairs and Maintenance 2,640.__
 Stump socks 985.__
 Extra pants, shoes and socks 4,400.__
 Limb adjustment every 2 weeks 2,912.__
 _________
 14,977.__
Pain and Suffering 20,440 days 20,440.__
Humiliation and Embarrassment
 20,440 days 40,880.__
Inability to Lead a Normal Life
 20,440 days 40,880.__
Loss of Earning Capacity 121,000.__
 5500 x 50% x 56 __________
 Total 248,439.__

The first and unusual point to be noted is that the jury returned a verdict for said minor plaintiff in the exact amount of dollars as the sum total of some eighteen itemized factors requested in the placard, viz.: $248,439. A cursory examination of the items raises the question of the overlapping of a number of said items. On the placard, and argued strenuously by counsel, were, among others, the several following items:

Pain and Suffering 20,440 days 20,440.__
Humiliation and Embarrassment
 20,440 days 40,880.__
Inability to Lead a Normal Life
 20,440 days 40,880.__
Loss of Earning Capacity 121,000.__
 5500 x 50% x 56 __________
 Total 248,439.__

*130 Certainly the last several items on the placard disclose just another overstepping of plaintiff's counsel, by repetition and overlapping. I am of the opinion that the verdict for the plaintiff, James M. Braddock, was unconscionably excessive; that the verdict was not the product of fair and unimpassioned reasoning of the jury; and same was partially induced by the placard and final argument adding at least some of the elements of damages more than once into the total requested figure of $248,439  which was the exact amount of the jury's verdict. See Loftin v. Wilson, Fla., 67 So.2d 185, at page 190; Florida Power & Light Co. v. Watson, Fla., 50 So.2d 543; Atlantic Coast Line Railway Co. v. Moore, 135 Fla. 485, 186 So. 210, at page 216.
Another point present here on this appeal is whether the court below erred in failing to charge the jury that the minor plaintiff could not recover if the jury find by a preponderance of the evidence that his negligence, if any, was the sole proximate cause of his injuries. It is contended by the plaintiff that substantially that law was charged, while the defendants contend that it was not. A careful reading of the charge (T. 608, 609) shows that the Court did charge on sole proximate cause, both with respect to defendant Poe and also with respect to defendant Seaboard Railroad; and the law of proximate cause was amply covered, even though not in the phraseology of the defendant railroad's requested charge.
I am persuaded here that the amount of the verdict in the James M. Braddock case was not based on an unimpassioned consideration and evaluation of the evidence "uninfluenced by the appeals of counsel to passion and prejudice"; that the trial court erred in permitting opposing counsel to engage in personalities in the presence of the jury, and failed to properly rule on objections to conduct and utterances of plaintiff's counsel in the presence of the jury which were highly prejudicial against the defendants and in favor of plaintiff, James M. Braddock. Seaboard Air Line Railroad Company v. Ford, Fla., 92 So.2d 160, Paragraphs 7 and 8, at page 165.
The judgment in the case of Seaboard Air Line Railroad Company v. Virgil Braddock should be affirmed.
The judgment in the case of Seaboard Air Line Railroad Company v. James M. Braddock should be affirmed on the issue of liability, and should be reversed on the issue of damages. A new trial should be ordered on the issue of damages alone.