298 So.2d 361 (1974)
Rolande ALLRED, Petitioner,
v.
CHITTENDEN POOL SUPPLY, INC. and Liberty Mutual Insurance Company, Respondents.
No. 44655.
Supreme Court of Florida.
August 2, 1974.
*362 David A. Maney, of Gordon & Maney and Richard R. Mulholland, Tampa, for petitioner.
Clifford I. Somers, of Miller & McKendree, Tampa, for respondents.
*363 BOYD, Justice.
This cause is before us on certiorari granted to review the Per Curiam Affirmance by the Second District Court of Appeal, reported at 284 So.2d 249 (1973). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner, Mrs. Allred, was in an automobile which was struck from the rear by a truck owned by respondent Chittenden. Subsequently, an action for personal injuries was filed by the petitioner, and after pre-trial gymnastic pleadings were completed, Chittenden and its insurance carrier became the defendants below and respondents here.
Upon trial of the issues, a jury verdict was returned in favor of the petitioner in the amount of $47,000.00. Respondents promptly filed a motion for new trial, or, in the alternative, for a remittitur.
In support of their motion, respondents urged 17 grounds, but the trial judge in granting a new trial stated that:
"This Court is of the opinion that all but one of the defendant's grounds, if valid, would not constitute reversible error. The one which concerns this Court is Ground No. 11 which reads as follows:
"The verdict was the result of the jury being inflamed by passion and prejudice engendered by the conduct of Plaintiff's counsel in closing argument making demand that `the defendant's insurance company be made to pay.' After defendant's counsel objected, this Honorable court advised plaintiff's counsel not to make further statements to the jury in this regard, but the irreparable harm had already been done `by the jury having heard these statements' as reflected by the fact that the jury verdict for plaintiff was larger than the amount of the verdict demanded by plaintiff's counsel in closing argument.
"This Court is of the opinion that this ground is well taken and that the amount of the verdict, influenced by these inflammatory statements, is so grossly excessive as to shock the conscience of this Court... ."
Petitioner then appealed the new trial order to the Second District Court of Appeal. Pending disposition of this proceeding, respondents discovered that the transcribed record did not contain either "the demand allegedly made by Plaintiff's counsel that the defendant insurance company be made to pay or the objection that the defendant's counsel allegedly made thereto." Accordingly, a motion and suggestion to correct the record was made, with respondents contending that both the alleged statement and objection thereto were erroneously omitted from the record. Respondents urged that the trial record should also reflect that portion underscored below:
"MR. SLATER: ..., [B]ut I don't believe in my mind and my heart, that $2.50 a day for what this lady has got to go through and for what she is going through in the past is too much, and that is why a permanent injury makes Liberty Mutual Insurance Company fight so hard but they should be made to pay.

"MR. MILLER: Objection ...
"THE COURT: I would like to tell the jury that the principal defendant in this case is Chittenden Pool Supply. I don't want any further references to the insurance company, Mr. Slater."
Petitioner objected and the trial judge, in denying respondents' motion, stated that he could not recall whether the proceedings had been different from that reflected by the record. The judge also stated that the non-existence of both the "demand statement" and the "objection thereto" which comprised Ground No. 11 was not fatal to his order granting a new trial since he would have granted the motion on the basis *364 of the counsel's comment during argument as follows:
"..., and that is why a permanent injury makes Liberty Mutual Insurance Company fight so hard...."
The Second District Court of Appeal affirmed and the petition for writ of certiorari now under review by our Court followed.
Appellate review of a trial judge's order granting a new trial is primarily limited to those grounds specified in the order, Braddock v. Seaboard Air Line Railroad Co., 80 So.2d 662 (Fla. 1955), and thus we are basically concerned with whether counsel's words of record were so inflammatory as to inject passion and prejudice into the jurors which resulted in an excessive verdict.
Turning to the initial issue of whether counsel's comment on the insurance company fighting so hard injected passion into the case, we conclude this to have had no prejudicial effect under the authority of Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971), wherein this Court stated:
"It was felt in reaching our decisions in Beta and Bussey that revealing the existence of an insuror as a real party in interest justifiably reflects the true fact that there is financial responsibility. This offsets any indulgence by counsel or the jury with unfounded arguments like, `This poor, hard working truck driver and his family' approach, when in fact there is an ability to respond. It is probably not a factor in other instances where there is an obviously responsible principal defendant as in Compania Dominicana de Aviacion [and Underwriters at Lloyds, London v. Knapp et al., 251 So.2d 18 (Fla.App. 1971)].
......
"It is fair to note also in this respect the holding of In re Rules Governing Conduct of Attorneys in Fla., 220 So.2d 6 (Fla. 1969), actively argued before this Court shortly prior to Bussey. There it was asserted by the insurance companies of this state then appearing (including three associations which `represent 659 insurance companies who write the bulk of the fire, casualty and liability policies in Florida'), that they are the real parties in interest in these negligence cases; that the lawyers they employ and provide under the insurance policies to defend the cases, are really representing the insurance carriers in such litigation and `when an insurance company "has both the financial stake in the outcome of the litigation and the burden of carrying the costs of the defense, it is defending its own interests and is entitled to defend by its own employee, so long as he is a member of the Bar and an officer of the Court."' ...
"One of the insurance companies there asserted to this Court that:
"`[T]he legal responsibility placed on the insurance company give[s] pointed verification to the fact that the interest involved in defense of liability suits is primarily and ultimately the interest of the insurance company.

"`It is the insurance company's interest, as an entity, that the lawyer represents, whether house counsel or fee counsel.'
......
"If this position of the carriers is to be recognized, as it was at their urging by concurring with them in the position they asserted then, it surely follows that such real party in interest should be present and revealed when the cases are tried. Consistency in the law, and certainly consistency of one's position, is essential to equal justice."
The language used by petitioner's lawyer could hardly be deemed of such magnitude as to imply a plea of passion or be suggestive of bias or prejudice. Neither is the "tone" of the comment suggestive of any adverse effect on the jury. As pointed out above, the trial judge even admonished *365 counsel to refrain from further reference to the insurance company and gave an instruction to the jury as to the principal defendant in the trial. It should be manifestly clear by now that the inclusion of an insurer as a real party in interest in a personal injury action is, in itself, no longer prejudicial or fundamental error. Stecher, supra.
Therefore, we conclude that the trial judge abused his discretion in granting the new trial.
Turning now to a secondary issue, i.e., the excessive amount of the verdict, per se, we make the following observations.
Great effect is given by our judicial system to the fact-finder's award of damages.
We are not unmindful that where a verdict awarding damages is contrary to the manifest weight of the evidence or where it may be truly shocking to the judicial conscience or where it is indicative of prejudice or passion, a new trial may be allowed through exercise of sound discretion by the trial judge. Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla. 1961); Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). However, this case does not fall within the foregoing orbit.
In reviewing any order granting a new trial primarily founded on excessive damages, examination must be given to the record and its disclosures. Thus, if the record supports the award of damages, an abuse of discretion may exist in a trial judge's conclusion that his conscience was shocked. Russo v. Clark, 147 So.2d 1 (Fla. 1962); Park v. Belford Trucking Co., 165 So.2d 819 (Fla.App.3rd 1964), cert. dism. 174 So.2d 398 (Fla. 1965).
The fact that a damage award is large does not in itself render it excessive nor does it indicate that the jury was motivated by improper considerations in arriving at the award. Florida Power & Light Co. v. Robinson, 68 So.2d 406 (Fla. 1953); Food Fair Stores, Inc. v. Macurda, 93 So.2d 860 (Fla. 1957). Ordinarily, if the award bears a reasonable relationship to the amount of damages proved and injury sustained, it will not be disturbed. Florida Power & Light Co., supra.
Obviously, in a personal injury action where damages are awarded, the injured party is entitled to a fair and just compensation for the injuries sustained, however, it is not always absolutely possible to determine with complete assurance what may constitute "full compensation". Each case must be considered on its own facts since in most instances there is an element of speculation without the exactitude of a measuring yardstick.
Argument of a plaintiff's counsel to the jury regarding various elements of damages, especially where pain and suffering are involved, based on a mathematical formula of calculable value or on a per diem basis may be helpful to the jury in its final deliberations. Ratner v. Arrington, 111 So.2d 82 (Fla.App.3rd 1959); Payne v. Alvarez, 156 So.2d 659 (Fla.App.1st 1963); Perdue v. Watson, 144 So.2d 840 (Fla. App.2d 1962); Magid v. Mozo, 135 So.2d 772 (Fla.App.1st 1961); Braddock v. Seaboard Air Line Railroad Co., 80 So.2d 662 (Fla. 1955), also reported at 96 So.2d 127 (Fla. 1957). Such argument obviously is not unfettered and is not evidence. Furthermore, opposing counsel has an equal chance to advance his suggestions, leaving the ultimate decision of the award to the jury.
With these principles of law in tow, the record, sub judice, establishes that petitioner's counsel advised the jury that his comments were argument only, that he was only commenting on the evidence and that he was not the source of that evidence. Additionally, he pointed out to the jury that petitioner's injury was permanent, that she wears a brace when active, that she had sustained pain and suffering for three years past and will continue to suffer such in the future. A mortality table relating to *366 petitioner was received in evidence. Medical expenses of approximately $500.00 were referred to. Petitioner's counsel through a per diem form of argument suggested that a sum of $42,375.00 would be a fair and just reward, but he also concluded and advised the jurors that they could go up or down in arriving at any final award. Respondent's counsel via counter comment argued various sums as a compensable award, i.e., $4,200.00, $2,500.00 or $1,800.00. The jury after deliberating approximately 50 minutes awarded $47,000.00.
The trial judge, in instructing the jury, advised, among other things, that, in arriving at any award, consideration could be given to (1) future and past damage that petitioner did and may reasonably be certain to experience including bodily injury, pain and suffering and loss of capacity for the enjoyment of life, (2) that no exact standard exists for determining the amount of each and all damages but that the award should be fair and just, (3) that a reasonable value for hospitalization and medical expenses in the past may be considered, (4) that the mortality tables were not binding regarding permanent injury but that they could be used together with other evidence bearing on petitioner's health, age and physical condition both before and after her injury in deciding the probable duration of her life and (5) that the verdict was not to be swayed by prejudice, sympathy or sentiment for or against any party.
The trial judge in submitting various forms of verdict to the jury also advised that one form read "We, the jury, find for the Plaintiff ... and against the defendants Liberty Mutual Insurance Company and Chittenden Pool Supply, Inc., ..." This was the form used by the jury in arriving at its verdict.
For the reasons stated, our review of the record, transcript of the proceedings, various motions and rulings thereon, briefs on appeal and oral argument, lead us to the ultimate conclusion that no prejudicial or fundamental error has been demonstrated in the jury's ultimate verdict and award of damages or that based upon logic, reasoning and understanding, that the jury was swayed by bias, prejudice, passion or sympathy. The verdict does not appear to be against the manifest weight of the evidence or sufficiently shocking to judicial conscience as to warrant a new trial.
Accordingly, the opinion of the Second District Court of Appeal is quashed and this cause is remanded to that Court with instructions to direct the trial judge to set aside the order granting a new trial and to enter a final judgment in favor of the petitioner in accordance with the jury verdict rendered herein.
Petition for rehearing is hereby dispensed with.
It is so ordered.
ERVIN, McCAIN and DEKLE, JJ., concur.
ROBERTS, Acting C.J., dissents.