PER CURIAM.
Defendant-appellants seek review of a final judgment entered in favor of plaintiff pursuant to a jury verdict and an order denying defendants’ motion for new trial or remittitur.
Plaintiff-appellee Edwin J. Dahlman, while operating his vehicle was struck from behind by a vehicle which was owned by the defendant-appellant General Rent-A-Car, Inc. and driven at the time by defendant-appellant Anthony Locastro. As a result thereof, plaintiff sustained physical injuries and filed a complaint for damages against the defendants. The cause proceeded to a jury trial at which conflicting testimony was presented as to the extent of plaintiff’s injuries. At the conclusion thereof, the jury returned a verdict in favor of the plaintiff in the sum of $5,500 and the trial judge entered judgment thereon. Thereafter, defendants moved for a new trial or remittitur on the grounds that the verdict was against the manifest weight of the evidence and so excessive as to shock the conscience of the court. The trial judge denied this motion and this appeal ensued. We affirm.
Appellants, contending that the verdict is excessive, have the burden of establishing that the verdict is wholly unsupported by the evidence or is the result of passion, prejudice or other improper motive. Bartholf v. Baker, Fla.1954, 71 So.2d 480. Moreoever, the fact that a damage award may appear rather large under the circumstances does not in itself render it excessive nor does it indicate that the jury was motivated by improper considerations in arriving at the award. Florida Power & Light Company v. Robinson, Fla.1953, 68 So.2d 406.
After a close scrutiny of the record on appeal, we conclude that the jury’s award bears some reasonable relationship to the amount of damages proved and the injury sustained and, therefore, we will not disturb it on appeal. See Florida Power & Light Company, supra. For in personal injury actions, it is not always absolutely possible to determine with complete assurance what may constitute the fair and just compensation to which the injured party is entitled; each case must be considered on its own facts since in most instances there is an element of speculation without the exactitude of a measuring yardstick. Allred v. Chittenden Pool Supply, Inc., Fla.1974, 298 So.2d 361.
Accordingly, the judgment and order herein appealed are affirmed.
Affirmed.