Eugene B. McLEAN, Sr., and Bernice E. McLean, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 79–2134
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 14, 1980.

Gillis E. Powell, Jr., Gillis E. Powell, Sr., Stanley Bruce Powell, Crestview, Fla., for plaintiffs-appellants.

Thomas G. Banjanin, Asst. U. S. Atty., Pensacola, Fla., for defendant-appellee.

Before GOLDBERG, RUBIN and POLITZ, Circuit Judges.

PER CURIAM.

On July 2, 1976, Eugene B. McLean, Sr. visited his treating physician, Dr. Joseph Davids, complaining of angina, extreme fatigue, and arrhythmia. Dr. Davids prescribed the drug pronestyl to control McLean's arrhythmia, and McLean attempted to fill this prescription at the pharmacy at the United States Air Force Regional Hospital, Elgin Air Force Base, Florida. Unfortunately, due to the negligence of pharmacy employees, McLean instead received prostaphlin, an antibiotic.[1] McLean was consequently without an anti-arrhythmia drug for twenty-six days, for the pharmacy's error was not discovered until July 28, 1976. McLean brought this Federal Tort Claims Act action, alleging that the negligence of the pharmacy resulted in serious damage to his already ailing heart and that this damage eventually necessitated surgery.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. The Government stipulated to its negligence.

After a bench trial, the district court found against McLean and taxed costs against him. The court concluded that McLean had failed to establish that the lack of pronestyl had caused any damage to his heart. The trial court stated that "the evidence shows that the lack of pronestyl did not damage the heart, alter the severity of the underlying disease, or influence the determination that surgery was necessary. Moreover, the evidence shows the arrhythmia brought on by the absence of pronestyl was relieved as soon as Mr. McLean was given the proper medication, and there is no correlation between the arrhythmia and the angina from which he continued to suffer during that time." These findings are amply supported by the record and are not clearly erroneous.

However, the district court erred in one respect in its conclusion that McLean is not entitled to any damages whatsoever. As shown by the quoted portion of the district court's opinion, due to the lack of pronestyl, McLean suffered arrhythmia for a twenty-six day period. There is ample evidence in the record that McLean suffered both an unpleasant physical sensation and mental anguish from this continuing arrhythmia.[2] Accordingly, the district court should have awarded McLean damages for pain and suffering and mental anguish caused by the arrhythmia that occurred during this twenty-six day period.[3] We therefore remand the case for such an award.[4]

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

2. McLean testified that his "heart was doing somersaults, felt like it was doing somersaults." Trial Transcript at 26. McLean's expert, Dr. Gionis, testified that the lack of pronestyl "certainly put him [McLean] through a very stressful situation and emotional stress . . . ." Id. at 114. Furthermore, in his deposition, Dr. Davids made the following statement:

> I think the damage he [McLean] suffered was one, certainly for the twenty-six days, he was in a potentially lethal situation, one. Two, during those twenty-six days I'm sure he felt horrible. He was having palpitations much of the time, and the palpitations, certainly during those twenty-six days, they were horrible feelings, they were frightening feelings, I'm certain he was very nervous, and increased, you know, a lot of stress was going on.

Deposition of May 15, 1978, at 38. This testimony was uncontradicted.

3. The damages are available under Florida law. See, e. g., Braddock v. Seaboard Air Line Railroad Co., 80 So.2d 662 (Fla.1955), aff'd en banc, 96 So.2d 127 (Fla.1957); Miami Paper Co. v. Johnston, 58 So.2d 869 (Fla.1952) (en banc).

The district court found that McLean's angina during the twenty-six day period was not caused by the absence of pronestyl. Since this finding is not clearly erroneous, McLean is to receive damages for his pain and suffering and mental anguish caused in the twenty-six day period by the arrhythmia, but not for that caused by the angina.

4. The district court awarded the United States its costs as a prevailing party under 28 U.S.C. § 2412. We have some difficulty in characterizing the United States as a prevailing party in this case in light of its admitted negligence. However, since we have found that McLean is entitled to damages, he prevails, and thus we need not reach this issue.