DAUKSCH, Judge,
dissenting:
I respectfully dissent.
This is an appeal from an order granting a new trial in a personal injury case. The order on appeal is as follows:
After due notice by or to all parties affected, a hearing was held on July 7, 1985, after which the parties submitted Memorandum of Law. The Court entered an Order on September 4, 1985 granting a new trial and instructed Counsel for Defendants to prepare an appropriate Order. The proposed Order submitted by Defendants was objected to by Plaintiffs’ Counsel and a hearing was held, at which time the Court announced that the Court would draft its own Order.
During the trial of this action, Counsel for Plaintiffs commented on a number of occassions [sic] that the insurance company would be responsible for the payment of any amount awarded by the Jury. (See Defendant’s Memorandum of Law) Prior to commencement of the trial, it was agreed that the amount of coverage available to Defendant, MCDONALD, was only $22,164.20 and it was further understood that any greater amount awarded would not be paid by Defendant, HARTFORD INSURANCE CO.
Liability was not an issue for the Jury to decide, in that Defendants admitted liability. In light of the injury sustained, the Court anticipated a Verdict in the $50,000.00 range. The Jury returned a Verdict in the total amount of $200,-000.00.
Upon consideration of the foregoing, the Court finds that:
1. The net effect of the comments made by Counsel for Plaintiff relative to the insurance company Defendant and referred to in Defendants’ Memorandum was to cause the Jury to erroneously believe that Defendant, McDONALD would not have to pay the amount awarded to Plaintiffs.
2. The amount of the Verdict is excessive.
Upon consideration thereof, it is ORDERED that:
1. The Motion filed on July 19, 1985 by Defendants for a New Trial is hereby GRANTED.
Concisely stated, the reasons the court ordered a new trial are one, the plaintiff made comments which might have made the jury erroneously believe the defendant would not be personally responsible for the payment of damages, and two, the verdict was excessive.
There were objections to some of the complained-of remarks made by plaintiffs’ counsel and no objection to others. The court dealt properly with the objections *568 during trial. Although the defendant’s counsel at one time asked for a mistrial, because of the comments, he withdrew the motion before the trial judge ruled. If the comments were so egregious then the trial judge should have then so ruled, and not have reserved his ruling. Further, defense counsel should not have withdrawn his motion. It is clear it is really the “excessive” verdict which bothers the defendant and the court below. The damages awarded were well within a reasonable range and should not have been disturbed. See Bould v. Touchette, 349 So.2d 1181 (Fla.1977). The standard by which a trial judge must be governed when reviewing a jury’s verdict is strict. It must be against the manifest weight of the evidence, shock the judicial conscience and indicate improper considerations of prejudice or passion by the jury. Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla.1974); Bennett v. Jacksonville Expressway Authority, 131 So.2d 740 (Fla.1961); Cloud v. Fallis, 110 So.2d 669 (Fla.1959). The order granting the new trial must be explicit and in writing, fully explaining exactly how and why the judicial conscience is “shocked.” Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978).
I would reverse the order and remand for entry of judgment on the verdict.